No. 91.—ALFRED F. BRANNON, plaintiff in error, *vs.* HEZEKIAH
NOBLE, defendant.

[1.] A holds a demand against B, and sues out process of garnishment against
C, who is indebted to B by note, and obtains a judgment on the garnish-
ment. D, who is the assignee of the note due by C to B, transferred to
him after the service of the process of garnishment, institutes suit thereon
against C, who pleads the judgment on the garnishment in bar: *Held,* that
this cannot be done, and that a demurrer to the plea would well lie.

Assumpsit, in Muscogee Superior Court. Decision by Judge
ALEXANDER, June Term, 1850.

H. Noble, as the indorsee of T. A. Brannon, brought suit on a
note made by A. F. Brannon, due 1st December, 1846, and pay-
able to the order of T. A. Brannon. To this suit A. F. Brannon
pleaded former recovery, on a process of garnishment issued by a
creditor of T. A. Brannon, and served on A. F. Brannon, on the 5th
January, 1847. Subsequent to the service of the summons, T.
A. Brannon had the note in possession, as stated by A. F. Bran-
non, in his return to the summons. To this plea, plaintiff below
demurred, on the ground that it was insufficient in law. The
Court sustained the demurrer, and defendant excepted.

H. HOLT, for plaintiff in error.

JAS. JOHNSON, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The demurrer to the plea, in this case, was properly sus-
tained. We do not doubt but that the plaintiff in the judgment
on the garnishment is entitled to collect it out of A. F. Brannon.
His claim upon the money due to his debtor, and established by that
judgment, is paramount to that of the plaintiff in this action. See
*Glanton vs. Griggs,* 5 *Geo. R.* 436. But that is not the question
made in this record. The question is, whether the judgment on
the garnishment can be pleaded in bar of the action by the holder
of the note, due by the defendant, in that judgment, to the debt-
or of the plaintiff in garnishment. To state the question with
greater perspicuity: A holds a demand against B, and sues out

process of garnishment against C, who is indebted to B on a promissory note, and has a judgment on the garnishment. D, who is the assignee of the note transferred to him by B, after service of the process of garnishment, brings suit upon it against C, who pleads in bar the judgment against him in favor of A, on the garnishment. The question is, can that judgment be so pleaded? or is it a bar to the suit brought by D against C? We say not. A judgment on the garnishment, and a satisfaction thereon, clearly would be a bar. The garnishee cannot be compelled to pay the debt twice. The plaintiff in garnishment has the right to collect his debt out of B, his original debtor, and also out of C, his debtor's debtor. A judgment in his favor against the garnishee, is no bar to a suit and recovery against B. He is entitled to elect out of which of these he will seek satisfaction, and until he does elect, his claim against both is good. A judgment against one, or both, is not an election. Now, if the judgment on the garnishment were held a bar to the action by the holder of the note, it might chance to be, that the plaintiff in the garnishment seeks and obtains his satisfaction out of his own debtor. In that case, the judgment on the garnishment, except for costs, would be extinguished, and the garnishee would go free from liability to any body; and the transferree of the note would lose his money, without any benefit resulting to any body. If, however, he is permitted also to get judgment against the garnishee, and the plaintiff in garnishment gets satisfaction out of his debtor, he would realise out of the garnishee. Nor is the garnishee in danger of being compelled to pay the debt twice, for if he pays it to the plaintiff in garnishment, that payment extinguishes the judgment against him by the transferree of the note —except, perhaps, for costs.    *Cook, adm'r, vs. Field,* 3 *Ala. R.* 53.

Let the judgment be affirmed.