WADE H. MIMS *et al.*, plaintiffs in error, *vs.* PHILLIP WEST, defendant in error.

1. A *bona fide* purchaser, for value of a negotiable promissory note before due, has a right to collect the amount thereof, notwithstanding the maker had been served with a summons of garnishment, requiring him to answer what he was indebted to the payee, who was the owner of it at the time of the service of the summons. In such a case the rights of the purchaser are paramount to those of the garnishing creditor.

2. The doctrine of *lis pendens* does not apply to negotiable securities not due.

Equity.   Garnishment.   By Judge VASON.   Chambers. Lee county.   November, 1867.

On the 24th of June, 1867, West brought complaint in Lee Superior Court, on an open account, against Wade H. Mims for $2,519 95, and sued out process of garnishment, which was served on Henry Green, James M. Sullivan *et al.* At the time of the service of such summons, all of the garnishees were indebted in some way to Mims. After the service of the garnishments, Mims sold Sullivan's note to Henry T. Mash. Sullivan conveyed his property to Gilbert, in trust, to pay his debts, and died without answering said garnishment, and now Mash is trying to get Gilbert to pay the Sullivan note. Gilbert took said trust after he knew Sullivan had been garnisheed. Mims also transferred the notes on Montgomery and Green after they were garnisheed, and they paid them to the purchaser. And since the garnishment was served, Mims, for a small consideration, sold Jackson's note to Robert T. Bird, who is trying to collect the same. Under this state of facts, West contended that the service of the summons of garnishment fixed the *status* of the said parties, and of the said claims at the dates of service, and any change of such *status* since, was illegal and void as against him, and by his bill he invoked the judgment of the Chancellor to that effect; and because Montgomery and Green were insolvent, and were disposing of their property to avoid paying said notes, he prayed that the sheriff of Lee

county should take possession of their property, and hold it till they gave security for its forthcoming to answer their decree. He further prayed that Mash and Gilbert should appear and answer, and in fine, that complainant should have all the rights that he would have had, had the garnishees all answered his garnishments, and had there been no transfers of property, or of choses in action, and that, meanwhile, all further changes be enjoined. There was no allegation that the purchasers had any notice of the garnishments before they bought the notes.

Judge Vason sanctioned the bill, and ordered the sheriff to take possession of the property of Montgomery and Green, which they had mortgaged to Mims, and hold it till further order, unless they gave bond in the sum of $1,000 00, for the forthcoming of the same, to pay any judgment which West might get against them by reason of the premises.

None of the defendants answered the bill except Bird. He said he bought the note before due, in due course of trade, for a fair and full consideration, without notice of the garnishment—and further, that he was no party to the order requiring said cotton turned over to an officer of the Court to abide its judgment, (this order does not appear in the record,) and knew nothing of it till after it was passed. His answer was supported by an affidavit of one Ansley, who saw him have said note before it was due.

Bird moved to dissolve the injunction because there was no equity in the bill, and so far as he was concerned, because he had sworn off the equity, if there was any. The motion was refused, and this is assigned as error.

HAWKINS, KIMBROUGH, ANSLEY, (represented by McCAY,) for plaintiffs in error.

F. H. WEST, for defendant in error.

WALKER, J.

1. When a person is served with a summons of garnishment, he is required to answer what he was indebted to the defendant at the time of the service of said garnishment, Rev. Code, sec. 3226; and if unable to admit or deny his indebtedness, he should plainly and distinctly set forth the facts, so as to enable the court to give judgment thereon. Ib., sec. 3492. Judgment should not be entered up against the garnishee, unless it appear affirmatively, that, at the time of the garnishment, the defendant had a cause of action against him for the recovery of a legal debt, due or to become due by efflux of time; and no judgment should be entered against the garnishee unless it would be available as a defence against any action afterwards brought against him, on the debt in respect of which he is charged. Drake on Att., sections 461, 583. The garnishee cannot be compelled to pay the debt twice. *Brannon vs. Noble,* 8 *Ga.,* 550.

Under the old law, it would seem that a debt not due, was not subject to garnishment. In Dalton vs. Solly, Croke, Eliz., 184, "It was held *per Curiam,* that a foreign attachment can not be of a debt before it be due; and therefore, whereas one was indebted in a sum of money to be paid at Michaelmas, and it was attached before Michaelmas, but the judgment of the attachment was not till after Michaelmas, it was clearly held to be void, because it was not due when attached." This was decided in 1590. This rule seems to have been changed in Georgia; see *Glanton vs. Griggs,* 5 *Ga. R.,* 424; *King & Ells vs. Carhart Brothers & Co.,* 18 *Ga. R.,* 650; and probably in most of the States of this Union; see 6 Maine R., 263; 4 Mass. R., 235; 17 Pa. R., 440; 1 Har. & J. R., 536, (Md.); 3 Murphy's R., 256, (N. C.); 1 Ala. R., 396; 17 Arkansas R., 492. Mr. Drake, in his work on Attachments, sec. 587, states correctly the principles which now govern in relation to negotiable securities not due. He says: "As a general rule, the maker of a negotiable note should not be charged as garnishee of the payee under an attachment served before the maturity of the note, *unless it*

Mims *et al., vs.* West.

*be affirmatively shown that before the rendition of the judgment, the note had become due, and was then still the property of the payee."* Again, in sec. 585, he says: "But though the garnishee should answer that the defendant, at the time of the garnishment, was the owner of the garnishee's note not then due, no judgment should be rendered against him, because *his obligation is not to pay to any particular person, but to the holder at maturity,* whosoever it may be. Can the garnishee, or the defendant, or the court say that the defendant will be the holder of the note at maturity? Certainly not; and yet to give judgment against the garnishee, necessarily assumes that he will be." No judgment should be rendered against the garnishee unless it will, when satisfied, protect him against a subsequent suit to recover the same debt. Under the Rev. Code, sec. 2732, the paper which Bird purchased from Mimms on Jackson, was a negotiable promissory note. He purchased for value, before the note fell due, and without notice of the garnishment. What are his rights under this state of facts? The Code, sec. 2743, says: "The *bona fide* holder for value of a negotiable instrument, who receives the same before it is due, and without notice of any defect or defence, shall be protected from any defence set up by the maker, except *non est factum,* gambling or immoral or illegal consideration, or fraud in its procurement." And in sec. 2597, it is said: "The *bona fide* purchaser of a negotiable paper not dishonored, or of money, or bank bills, or other recognized currency, will be protected in his title, though the seller had none." Here, it will be seen that negotiable paper, not dishonored, is placed on the same footing as money currency. The defences which may be set up against such a paper, are specifically named; and in none of them are the rights of the garnishee embraced, provided he should have to pay to the creditor.

In this case, suppose Jackson were adjudged liable to pay West the amount of this note, under the summons of garnishment, and the bill making Bird a party had not been filed; when Bird shall sue Jackson on the note, can he set up as a defence that the money had been forced out of him

by a creditor of Mimms, and thereby defeat a recovery by
Bird? If so, the effect would be to repeal sec. 2743; for that
section, says Bird, shall be protected against such a defence
as this. The *bona fide* purchaser of a negotiable instrument
not due, stands in a great measure independent of the former
holder. The law disconnects him with the previous title,
and takes him into its own charge, as deriving a right from
itself. See Cowan & Hill's Notes to 1 Phil. Ev, vol. 1 of
Notes, p. 668, note 481.

The doctrine which we now lay down has been indirectly
asserted by this Court. In *Glanton vs. Griggs*, 5 *Ga. R.*
436, this Court says: "It being thus made to appear that
Glanton had express notice of the attachment lien, he can
not disconnect himself from the previous title of Whatley.
* * *But for this proof*, having traded for the note before
due, he would have been independent of the former holder,
who transferred to him the note. * * As it is, he took
the note *cum onere*, nor is his claim paramount to that of the
attaching creditor."

It was insisted that the case of *King & Ells vs. Carhart
Brothers & Co.*, 18 *Ga.*, *R.*, 650, is an authority in favor of the
garnishing creditor in this case. That case decides that
"debts secured by negotiable instruments *may be* the subject
of garnishment." We have no complaint to make with this
principle; it is right. The point here made is as between
the rights of the garnishing creditor and the *bona fide* pur-
chaser, before due, of a negotiable paper. No such question
was made in that case; and even if it had been, the code has
been adopted since that time, (1855,) and according to its
provisions, the rights of the purchaser are paramount to those
of the garnishing creditor. See, also, Murray vs. Sylburn,
2 J. C. R., 444.

2. It was insisted that the doctrine of *lis pendens* should
affect the purchaser, and operate as constructive notice to all
the world, that the creditor was proceeding to enforce his
rights against the effects of his debtor, and that the service
of the summons of garnishment on the maker of the note
impounded the funds in his hands, so that a transfer of the

note could not defeat the claim of the creditor. There is some force in this suggestion, but we think, looking to the policy of our Legislature in favor of negotiable paper, that the better rule will be to hold that the rights of the purchaser are superior to those of the garnishing creditor. We have not been able to find many decided cases touching this question. We find one very well considered case in 22 Ala. R., 760, Winston vs. Westfeldt. In that case, an injunction was granted, restraining the negotiation of a promissory note. The defendant, in violation of the injunction, transferred the note, for value, before due, to a *bona fide* purchaser, and the question was, whether the purchaser or the complainant in the bill had the better title to the money due on the note. The case was ably argued and well considered by the court, and the principle enunciated in the case is, that "the doctrine of *lis pendens* does not apply to negotiable paper. An injunction in force against the negotiation of a note does not destroy the negotiability, nor defeat the title of a *bona fide* purchaser, acquired pending the injunction, but without notice. This, certainly, is a stronger case than the service of a summons of garnishment.

Perhaps it may be well to repeat that we fully recognize the doctrine that negotiable instruments may be the subject of garnishment; but before judgment should be entered against the garnishee, it should affirmatively appear that the instrument is due, and belonged to the defendant subsequent to the time of the service of the summons, and to the time it fell due. These facts appearing, judgment may be safely entered against the garnishee, for a satisfaction of the judgment rendered upon this state of facts, will be a protection to the garnishee against a second payment of the debt. The court should not permit a judgment to go unless such facts appear as will make the satisfaction of the judgment a protection to the garnishee.

In this case, Bird, having purchased the Jackson note before it fell due, and paid a valuable consideration for it, without any notice of the garnishment, got a good title to it, and one which is not, in any manner, affected by the process

of garnishment. As to him, the Court should have dissolved the injunction, the equity of the bill having been fully sworn off. The rights of the other parties can be passed upon when the facts are made manifest by the answers and proof.

Judgment reversed.