HAMILTON M. HAMMETT, plaintiff in error, *vs.* JAMES S. MORRIS, defendant in error.

1. A judgment against a garnishee is ancillary to, and dependent upon, the judgment against the principal debtor. When the latter is paid off and satisfied the former is *functus officio;* the purpose for which it was entered up has been accomplished in another way, and it ceases to be a valid process for any purpose except, perhaps, for costs.

2. Therefore, its transfer by the plaintiff to the principal debtor after the judgment against such principal debtor is satisfied, conveys no title to him to the judgment against the garnishee, and all subsequent transfers, being dependent upon the validity of this first assignment, are equally invalid. The debt due by the garnishee to the principal debtor is a valid, subsisting debt, but the judgment, as a process for its collection, is extinguished.

3. Where no record is forwarded with the bill of exceptions, under an agreement of counsel to have the case argued and decided on the bill of exceptions, the writ of error will, on motion, be dismissed. (R.)

4. Where, pending a motion to dismiss on account of the absence of the record, the record arrives, and it appears that such paper would have been forwarded at the proper time had it not been for the act of the moving party, the writ of error will not be dismissed. (R.)

Garnishment. Judgments. Practice in the Supreme Court. Before Judge KNIGHT. Cobb Superior Court. November Term, 1875.

When this case was called a motion was made by counsel for defendant to dismiss the writ of error because no record had been forwarded. It was replied that this omission was caused by an agreement of counsel indorsed on the bill of exceptions as follows:

" We acknowledge full and complete service of notice that this bill of exceptions has been signed and certified, and we waive all other service or notice; and as the entire evidence and record in the case are embodied and copied in the bill of exceptions, we agree that this case may be heard and decided upon this bill of exceptions alone, without filing in the office of the clerk of Cobb superior court, and without any record or certificate being sent up by such clerk. This the 23d of December, 1875. (Signed) W. T. & W. J. WINN,

" *Attorneys for defendant in error.*"

Pending the argument of this motion the court adjourned for the night. When it convened on the next day counsel for plaintiff in error presented a transcript of the record, duly certified, which he had procured in the *interim*.

The motion was overruled, the court enunciating the principles embraced in head-notes three and four.

For the remaining facts, see the opinion.

GEORGE N. LESTER; C. D. PHILLIPS, for plaintiff in error.

W. T. & W. J. WINN, for defendant.

JACKSON, Judge.

Hill sued Bisauer, and garnished Morris, obtaining judgment against both. Bisauer paid Hill the whole amount due him, and the judgment against Bisauer was satisfied. Thereupon Hill transferred the judgment against Morris, the garnishee, to Bisauer; Bisauer transferred it to Phillips, and Phillips to Hammett, who had it levied upon Morris' property. Morris filed an affidavit of illegality on the ground that the original judgment, or main judgment, against Bisauer having been satisfied, the ancillary judgment against the garnishee was *functus officio*, and could not be enforced in the hands of Bisauer or his transferee against Morris. The court sustained the illegality, and this is the single question for review.

We think this case is controlled, in principle, by the case of *Brannon vs. Noble*, 8 *Georgia Reports*, .549. There it was held that a judgment against the garnishee could not be pleaded in bar of a suit against the garnishee by the assignee of his creditor, who got control of the debt even after the garnishment was served. It was ruled that nothing short of payment by the garnishee of the judgment against him would do, and it is expressly said by the court that in case the plaintiff in garnishment seeks and obtains satisfaction out of *his own debtor*, the judgment on the garnishment, except for costs, would be *extinguished*. To the same effect is the case

of Cook, administrator, *vs.* Field, 3 Alabama, 53. Nor do we see how it could well be ruled otherwise on principle. The moment the plaintiff in garnishment is paid his debt by his own debtor he ceases to have any right to enforce that debt, or a judgment thereon, or ancillary thereto, against anybody, his debtor's debtor or anybody else. Well, if he had no right to enforce the judgment himself, it is difficult to see how, by transferring the judgment to another, he could confer what he did not possess. This view, of itself, seems perfectly conclusive of the case; but if we look at it further, the troubles multiply. The judgment against the garnishee often cannot be for the whole debt he owes. It is measured by the debt his creditor owes the plaintiff in garnishment. If it be held to be a valid judgment in the hands of his creditor, as transferee, part of the debt he owed in such case would be in parol and part in judgment. And the creditor would hold against his debtor for the same note or account, a judgment for part and the original evidence of indebtedness for the remainder. We cannot think that the law in regard to garnishment, intended such hacking to pieces and cutting into disjointed and dissimilar fragments *choses* in action. If we follow the line indicated in 8 *Georgia Reports,* no such confusion will result. The plaintiff in garnishment can obtain his judgment for what is due him, and the defendant, when he pays it, can plead it in part payment against his creditor by plea, if before judgment, or by affidavit of illegality, if after. Besides, how is the garnishee bound by the amount of the judgment so obtained against him? As between himself and the plaintiff in garnishment, it is easy to see that both are bound, because they are the parties litigant; but the creditor of the garnishee has no right to take part in the issue between the plaintiff and defendant in garnishment to produce testimony or cross-examine witnesses, or shape pleadings or otherwise. If the creditor of the garnishee be not bound by the judgment, is the garnishee bound? The plaintiff in garnishment may accept the answer as full, and take judgment against the garnishee for

what he and the garnishee please to agree upon, and it binds them between themselves, but cannot bind the creditor of the garnishee, and therefore cannot bind the garnishee as between himself and his creditor. The case is wholly dissimilar to that of collateral securities. There the holder of such securities is trustee for his debtor, and the debtor is bound by the judgment obtained against such securities, because he has voluntarily placed them in the hands of his creditor, and the relation of trustee and *cestui que trust* subsists between them. But the plaintiff in garnishment is no such trustee, but the antagonist of the debtor. He is after his money, and to get it, he is suing his own debtor, and his debtor's debtors too; he is the antagonist of both, and in no sense that we can see trustee for either. Nor do we think any payment by the defendant to the transferee of the judgment can revive it. It is a process of the court; it has accomplished its purpose; it has made the money for the plaintiff in garnishment by forcing it out of the original debtor; it is dead, and no act of the defendant, any more than of the plaintiff, can bring it to life again. It is a mere branch of a tree, fed by the sap of the parent trunk; when the tree died, the branch withered; thenceforth it can bear no fruit, but had as well be bundled up and burnt.

We hold, therefore, that the debt due by Morris to Bisauer, unless barred by the limitation acts, may be enforced, but it cannot be collected by this defunct process.

Judgment affirmed.