FRANCE *et al.*, *Appellants*, v. EVANS *et al.*, *Garnishees.*

1. **Void Judgment.** A judgment by default, rendered before the expiration of the ten days allowed by law for appearance after service of the summons, is void, and, therefore, subject to collateral attack.

2. **Garnishment.** A garnishment proceeding cannot be based on such void judgment.

*Appeal from Worth Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*B. F. Lucas* for appellants.

(1) The court below erred in rejecting the judgment recovered by the plaintiffs, France & Hunter, against Isaac W. Salisbury, when offered in evidence by them as the foundation of the garnishment proceedings. (*a*) Because the return, "legally served by H. K. Linger, deputy constable, by leaving a copy of the same at the defendant's residence with a member of defendant's family above the age of fifteen years," was a good return and showed with certainty to a common intent that it had been served the length of time required by the statute, even as against the defendant therein, Isaac

Salisbury, if he had been in court and objecting to the service. At most there would be but an irregularity which could not be taken advantage of collaterally. *Latruelle v. Dorleque*, 35 Mo. 233.; *Shaw v. Gregoire*, 35 Mo. 342; *Bernacker v. Miller*, 44 Mo. 102; *Martin v. Barron*, 37 Mo. 301; *Kane v. McCowan*, 55 Mo. 181; *Bailey v. McGinnis*, 57 Mo. 362; *Sheedy v. Bank*, 62 Mo. 24. (*b*) Because Emma Evans and James Evans were neither parties nor privies, but strangers to the judgment of France and Hunter against Salisbury, and they could, therefore, under no circumstances, vacate or impeach that judgment. *Hardin v. Lee*, 51 Mo. 241. (2) The court below erred in rejecting the garnishment proceedings filed in this case, when offered in evidence by the plaintiffs, on the ground that a married woman could not be made a garnishee in attachment or garnishment proceedings. R. S., 1879, sec. 3022; *Lackland v. Garesché*, 56 Mo. 267. (3) A married woman may be made a garnishee in attachment or garnishment proceedings in any case in which she is debtor to, or has in her hands money, goods, property or effects of the defendant in the suit or judgment, whenever such debt can be enforced or such money, property, goods or effects can be recovered from such married woman by action at law; and the payment of a debt due by a married woman, on a mechanic's or material man's lien for work done or materials furnished in the erection and construction of any building, erection or improvement, erected or made for her immediate use, enjoyment or benefit, can be recovered by action against her on the mechanic's lien, which is strictly an action at law. R. S., secs. 3172, 3192; *Tinsley v. Savage*, 50 Mo. 141; 26 Mo. 65; *Sheedy v. Bank*, 62 Mo. 24. (4) That the court below erred in rejecting the record of the finding of the jury in the action brought by Isaac W. Salisbury against Emma Evans and James Evans on the mechanic's lien filed by him, when offered in evidence by plaintiffs

to show the amount of the indebtedness from the said Emma Evans on said mechanic's lien; as garnishee is liable, and only liable, to plaintiffs to the extent of her liability to Salisbury. *McPherson v. Railroad*, 69 Mo. 103; *Funkhouser v. Eveland*, 3 Mo. App. 602. (5) That the court below erred in overruling plaintiffs' motion for new trial.

NORTON, J.—This is a proceeding by garnishment. An execution was issued by a justice of the peace on a judgment by default in favor of plaintiffs against Isaac W. Salisbury, and placed in the hands of a constable who summoned the defendant, Emma Evans, and her husband as garnishees. They appeared and filed answer on which an issue was made, on the trial of which in the circuit court, where it had been taken by appeal, plaintiff offered in evidence the justice's record and docket entry of the judgment recovered by plaintiffs against said Salisbury, and upon which the garnishment proceedings were founded. This evidence was objected to on the ground that it did not show service of the summons ten days before the judgment by default was rendered. The objection was sustained and thereupon the plaintiffs offered, and the court received in evidence the original summons issued in the case with the return of service endorsed thereon, which service was sworn to on the nineteenth day of April, 1882, and thereupon the plaintiffs renewed their offer to read the record and docket entries of the judgment, which the court refused to allow, on defendant's objection that it did show service of the summons ten days before the judgment was rendered.

This action of the court is assigned for error. It appears from the record before us that the summons was issued on the eighteenth of April, 1882, made returnable on the twenty-eighth of April, 1882, and the judgment by default was taken on the twenty-eighth of April,

1882, and the return of the person who was appointed to serve the summons was sworn to on the nineteenth of April, 1882, one day less than ten days. To render the judgment of a justice of the peace valid two things at least must appear: First, that he has jurisdiction of the subject matter of the suit; second, that he has jurisdiction of the parties, and as is said in the case of *Hansberger v. Railroad*, 43 Mo. at p. 200, "There is no principle of law better settled than that inferior courts, not proceeding according to the course of the common law, are confined strictly to the authority given, and it must appear on the face of their proceedings that they have jurisdiction." *State v. Metgzer*, 26 Mo. 65. The evidence offered and rejected not only failed to show affirmatively that the summons was served ten days before the justice rendered his judgment by default, but shows it was served on the nineteenth of April, which was one day less than the time prescribed by law in order to give the justice jurisdiction over defendant. The judgment by default rendered on such service is not simply erroneous, but void. This precise point was so ruled in the case of *Howard v. Clark*, 43 Mo. 344. The law required in that case that the service of the summons should be fifteen days before the day of appearance named therein. The summons was issued and served September 3, and judgment by default was rendered on the seventeenth of the same month, and it is there said: "This judgment is clearly void and can be questioned collaterally. No question is better settled than that a judgment by default rendered upon service within the time the law provides is invalid. The requirements of the statute in this regard are imperative. This is so fully discussed and clearly settled in *Saunders v. Rains*, 10 Mo. 770, and in *Williams v. Bowen*, 26 Mo. 601, in our own state, to say nothing of decisions elsewhere, that the question is no longer open to discussion."

The garnishment proceedings being based on a void judgment renders it unnecessary to consider any other question in the case. Judgment affirmed. All concur.