J. ABELES & COMPANY, Appellants, v. N. FRIEDBERG & COMPANY, Defendant, S. H. SONE, Garnishee, Respondent.

**Kansas City Court of Appeals, June 4, 1900.**

1. **Justices' Courts: GARNISHMENT: LENGTH OF SERVICE: QUASHING SUMMONS.** A summons in garnishment requiring the garnishee to appear in less than five days is properly quashed.

2. ———: ———: ———: AMENDMENT. It is proper to disallow an amendment to a summons in garnishment so as to require a garnishee to appear more than fifteen days after the date of service.

3. ———: ———: SUMMONS: JUDICIAL WRIT: NOTICE. The summons of a garnishee, if not a judicial writ, is at least a notice by written summons and if made returnable in less time than allowed by law is void.

Appeal from the Cole Circuit Court.—*Hon. D. W. Shackleford,* Judge.

AFFIRMED.

*Edwards & Edwards* for plaintiff.

(1) The court erred in sustaining the motion to quash summons. The law does not require a summons to be issued. R. S. 1889, sec. 6310. (2) This is not a judicial writ, and hence is not required to be signed by any officer. Grocer Co. v. Carlson, 67 Mo. App. 179; Daugherty v. Brown, 91 Mo. 26. (3) If summons is required, the summons in this case was sufficient, and appellant should have been allowed

to amend the same. (4) The motion to quash was aimed at the summons and not the return of the constable, and hence was aimed at a writ unknown to the statute. R. S. 1889, sec. 6310; Daugherty v. Brown, 91 Mo. 26.

*A. M. Hough* for respondent.

(1) The summons required the appearance of the garnishee within less than five days from the date of service and was, therefore, illegal and void, and the motion to quash was properly sustained. R. S. 1889, sec. 6310; Williams v. Bower, 26 Mo. 601; Sanders v. Rains, 10 Mo. 770; France v. Evans, 90 Mo. 74. (2) The garnishee must protect the rights of third parties. He is powerless to do anything that will affect their rights, and if he is not legally served, nothing is attached in his hands. Gates v. Tusten, 89 Mo. 13; Connor v. Pope, 18 Mo. App. 86; Swallow v. Duncan, 18 Mo. App. 623. (3) The summons is necessary to bring the garnishee into court, and there being no valid summons, no jurisdiction over the person of the garnishee was acquired and the summons of garnishment was properly quashed on motion of the garnishee. Connor v. Pope, 18 Mo. App. 86; Swallow v. Duncan, 18 Mo. App. 622. The liability of a garnishee attaches only when notice of garnishment is served as prescribed by law. Farmer v. Medcap, 19 Mo. App. 250. (4) The circuit court properly refused to allow the summons to be amended the date of the appearance being more than fifteen days after November 18, the alleged date of service.

ELLISON, J.—The plaintiffs obtained judgment against defendants before a justice of the peace in Cole county and had a regular execution issued thereon. On this execution the constable garnished the respondent garnishee to appear before the justice and answer interroga-

tories. The summons of the garnishee was dated and served December 2, 1896, and commanded the garnishee to appear before the justice December 5, to answer interrogatories. The garnishee appeared for the purpose only of a motion to quash the garnishee summons and the justice sustained the motion. On appeal to the circuit court on a new hearing the motion was again sustained. Plaintiffs appeal to this court.

The statute, section 6310, Revised Statutes 1889, directs a summons to command the garnishee to appear at a time not less than five nor more than fifteen days from the service. It will be observed that this summons required the garnishee to appear in less than five days. It was therefore properly quashed. Williams v. Bowers, 26 Mo. 601; Sanders v. Rains, 10 Mo. 770; France v. Evans, 90 Mo. 74; Young v. Downey, 150 Mo. 317, 329.

Plaintiffs asked leave to amend the summons by making the date of service November 18, instead of December 2. This was properly not allowed. If for no other reason than that as amended it would have required the attendance of the garnishee at a time more than fifteen days from the date of service, viz.: November 18, to December 5.

Plaintiffs contend that the summons of a garnishee is not a judicial writ, citing Grocer Co. v. Carlson, 67 Mo. App. 179. It is at least a notice by written summons by the constable and if made returnable in less time than allowed by law is void under the rulings in the cases aforesaid, which we consider directly applicable to the point now in controversy. See, also, Swallow v. Duncan, 18 Mo. App. 622.

The judgment of the trial court was undoubtedly right and will be affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.