CHICAGO HERALD COMPANY v. WILLIAM S. BRYAN et al.; NANNIE M. BRYAN, Garnishee, Appellant.

(No. 2.)

Division Two, April 10, 1906.

1. **APPEAL: Effect of Reversal.** When a judgment is reversed the defendant in the judgment is, entitled to be restored to all he had lost.

2. **GARNISHMENT: No Judgment Against Defendant.** Garnishment is one of the modes pointed out by statute by which an execution is executed. It is not a new suit. It is an incident or an auxiliary of the judgment in the principal suit, and a means of obtaining satisfaction of that judgment by reaching defendant's property or credit. Therefore, if there is no longer any judgment in the principal suit, the garnishment must fail.

3. ————: ————: **Reversal on Appeal: Judicial Notice.** Where the judgment against the defendant in the principal suit was reversed on appeal without remanding the cause, the appellate court, when it comes to consider the garnishment proceeding will take notice of its own record, and will not permit the garnishee to be held, for there is no longer any judgment to support the garnishment. A garnishment proceeding cannot be based upon a void judgment against defendant.

4. ———: **Where Tried.** The garnishee must make his answer in the court whence the execution issues. It alone has exclusive control over its process.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED.

*S. T. G. Smith* and *Thos. S. Meng* for appellant.

(1) One cannot by garnishment process recover his own property or its value. Under the statute, notice of garnishment has only the effect of attaching money, property or effects of the defendant in the garnishee's possession, or indebtedness owing to him. R. S. 1899, sec. 3436; Rood on Garnishment, sec. 47; Shattuck v. Smith, 16 Vt. 134; Johnson v. Brant, 38 Kan. 758; Lawrence v. McKenzie, 88 Iowa 439; Young v. Bank, 97 Mo. App. 583. The remedy by garnishment is purely statutory and cannot be extended to cases unprovided for, or to hold persons or property not made subject to the process. Cape v. Burgess, 135 Ill. 65. (2) In order to defeat the title of a person receiving a sum of money, actual notice must be shown of some defect of title in the person from whom it was received. Knowledge of facts which would have informed an ordinarily prudent person is insufficient. Bank v. Stoneware Co., 4 Mo. App. 283; Wright Inv. Co. v. Fillingham, 85 Mo. App. 541; Bank v. Bank, 9 Martin (La.) 402; Wyer v. Bank, 11 Cush. 51; Crawford v. Bank, 1 Ross Leading Cases, 229; Stephens v. Bd. of Education, 79 N. Y. 186; Bank v. Hammond, 104 Mo. App. 410; Hahn v. Bradley, 92 Mo. App. 405; Wilson v. Riddler, 92 Mo. App. 339; Wright Inv. Co. v. Frisco Realty Co., 178 Mo. 80. (3) The verdict did not find that any money or effects of the defendant were in the hands of the garnishee, or that she owed the defendant anything. It was irregular and unauthorized and afforded

no basis for the subsequent judgment against the garnishee. R. S. 1899, sec. 3452. (4) Garnishment, being a mere auxiliary proceeding, must be in the same court in which the judgment was rendered. Spengler v. Kaufman, 43 Mo. App. 10; Tinsley v. Savage, 50 Mo. 142; Miller v. Bartlett, 89 Mo. 134; Gilbert v. Renner, 95 Mo. 151; Miller v. Mason, 51 Iowa 239; McGuire v. Pitts, 42 Iowa 538; Hughes v. Bank, 47 Ill. App. 567; Bank v. Dunn, 102 Ala. 207; Railroad v. Cookson, 45 N. J. 302; Garland v. McKittrick, 52 Wis. 264. The different divisions of the St. Louis City Circuit Court are as separate and distinct as courts held in separate circuits. Haehl v. Railroad, 119 Mo. 337; Voullaire v. Voullaire, 45 Mo. 607; State ex rel. v. Eggers, 152 Mo. 487. Consent of the garnishee cannot confer jurisdiction and the question may be raised at any time. Conner v. Pope, 18 Mo. App. 89; Epstein v. Salorgne, 6 Mo. App. 354; Hackett v. Gill, 63 Mo. App. 453; Fletcher v. Wear, 81 Mo. 532.

*Selden P. Spencer* for respondent.

(1) Dealings between husband and wife which result in the appropriation of property coming from the husband for the payment of debts claimed to be due to the wife, furnish uncommon opportunity for the perpetration of fraud, and must be carefully and rigidly scrutinized. Manchester v. Tebbets, 121 N. Y. 222; Wait, Fraudulent Conveyance, sec. 300; Hoxie v. Price, 31 Mo. 86; Holloway v. Holloway, 103 Mo. 274; Benne v. Schnecko, 100 Mo. 250. (2) The fraudulent transferee of property is a mere trustee for creditors to the extent of the effects transferred to him, and his liability may be established in a garnishment proceeding. Holmes Organ Co. v. Pettit, 34 Mo. App. 536; Lackland v. Garesche, 56 Mo. 267; Joseph v. Voldridge, 43 Mo. App. 333; Weid on Attachment, sec. 327; Waples on Attachment and Garnishment, p. 215; Rubber Mfg. Co. v. Sup-

ply Co., 149 Mo. 538; Donk v. Kinealy, 81 Mo. App. 646; Baker & Taylor Co. v. Schneider, 85 Mo. App. 412. (3) The transfer of personal property as security for a pre-existing debt does not render the transferee a bona fide purchaser for value received, since the creditor parts with no value, surrendering no right and claims himself in no worse position than before. Dry Goods Co. v. Bank, 81 Mo. App. 283; Watson v. Woody, 56 Mo. App. 145.

GANTT, J.—This is a proceeding by garnishment instituted by summoning Nannie M. Bryan as garnishee, on the execution on the judgment rendered in favor of the plaintiff against William S. Bryan, in the circuit court of the city of St. Louis, on the 23d day of March, 1903, for $11,261.75.

Interrogatories were filed by the plaintiff to the garnishee as to whether she was indebted to the defendant, or had any money, property or effects of the defendant's in her possession. Garnishee was also specifically asked as to whether she had on or about October 7, 1902, received from the defendant approximately $10,967.40, and if so, under what circumstances and for what purpose. The garnishee answered, denying specifically any indebtedness to the defendant, or that she had any of his property in her possession. The answer stated that she had, on or about October 7, 1902, received from the defendant the sum of $10,806.53 in cash, in payment of the indebtedness owing to her from the defendant. A denial of the garnishee's answer was filed, in which plaintiff alleged that on October 7, 1902, defendant was entrusted with certain negotiable promissory notes belonging to plaintiff, which defendant agreed to take up to the National Bank of Commerce, in the city of St. Louis, and have discounted, and to return the proceeds to the N. D. Thompson Publishing Company. That defendant had the notes discounted at

195 Sup.—38

said bank and received the proceeds, amounting to $10,967.40, and appropriated the same to his own use, and that judgment for that amount, together with interest and costs, had been rendered against defendant in favor of plaintiff in the circuit court of the city of St. Louis, to enforce which judgment this garnishment was issued. Plaintiff further alleged that defendant had admitted that he turned over the money to the garnishee and claimed that it was turned over to her in payment of some indebtedness from him to her. It was further alleged that the garnishee had full knowledge that the money thus delivered to her by the defendant was not the property of said William S. Bryan and that he had no title thereto. To this denial, the garnishee filed a reply denying each and every allegation therein contained. On the issues thus framed a trial was had on June 18, 1903, and a verdict was rendered in favor of the plaintiff against the garnishee for $10,800. On motion of the plaintiff the garnishee was ordered to pay the money into court on or before June 22, 1903. Thereupon motions for new trial and in arrest of judgment were filed in due time, which were heard and overruled, and an appeal was granted to this court.

On the trial, over the objection of the garnishee, the plaintiff was permitted to show the facts set out in the principal case of the Chicago Herald Company vs. William S. Bryan, already determined at this term, and in addition thereto, that the said W. S. Bryan, after discounting the notes, took the money which he received for the notes and placed them in a package and took the package and turned it over to Mr. W. N. McConkin. Several days thereafter, the garnishee, Mrs. Bryan, called upon Mr. McConkin and received the package from him, and the money was then counted out and turned over to Mr. McConkin's firm as a loan; afterward it was returned to the garnishee in cash. There was evidence also on the part of the garnishee, in a deposition taken by the plaintiff,

that this money was turned over to her by
her husband as a credit for money that he owed her.
That at that time he was indebted to her in the sum of
$16,000, which was partly evidenced by a note for ·
$3,000 which was offered in evidence, and also by an as-
signment of certain interest in Kentucky lands to se-
cure a further indebtedness of $5,000 and interest.  She
testified that the money that she had loaned Mr. Bryan
had been inherited by her from her father and mother.
That at the time of her mother's death she inherited
a half interest in certain real estate in the city of St.
Louis, on Seventh street between Olive and Pine, which
was sold for $46,000, of which she received $23,000.
That her husband had not paid her anything on this
indebtedness, except $560, paid as interest at various
times, beginning June first, 1895.

Instructions were given on behalf of the plaintiff,
to which the garnishee duly excepted, and instructions
were asked by the garnishee, which were refused, to
which she saved her exceptions.

I.  The appeal in this case presents some exceed-
ingly interesting questions, among others whether a
plaintiff by garnishment process can recover of the
garnishee his own property or its value, and whether
he is not by the statute itself restricted to subjecting
the property or the debts of the garnishee to the de-
fendant to the satisfaction of his judgment.  Other pro-
positions are also ably argued and presented by learn-
ed counsel, but we are confronted at this time with the
fact that this court has reversed the judgment in favor
of the plaintiff against the defendant without remand-
ing the cause, and that therefore there is no judgment
left to support the execution under which the garnishee
in this case was summoned and required to answer.
Garnishment under our laws is one of the modes point-
ed out by the statute by which the execution is executed,
and is not a new suit.  It is an incident or an auxiliary

of the judgment and a means of obtaining satisfaction of the same by reaching the defendant's credit or property.

As the garnishee must make his answer in the court whence the execution issues, it alone has exclusive control over its process. As the judgment upon which this garnishment was issued has been reversed by this court and the appeal in the garnishment is before us, this court must take notice of its own record, and it thus appears to us that in no event can the garnishee be held, because there is no longer any judgment to sustain the garnishment, it becomes wholly unnecessary to determine the rightfulness of the judgment obtained by the plaintiff against the garnishee. It has been ruled in various cases that a garnishment proceeding cannot be based on a void judgment against a defendant. [France v. Evans, 90 Mo. 74.] In Mitchell v. Watson, 9 Fla. 160, it was held that the judgment against a garnishee in a suit commenced by attachment is annulled by the dissolution of the attachment even after plea pleaded, the court saying: "The judgment against the garnishee, growing out of the attachment and being a mere incident of it, must necessarily fall with the attachment on which it is based. After it has been adjudged that a party has wrongfully and illegally sued out his attachment, it would be inconsistent to say that he shall nevertheless hold on to all the fruits he may have attempted to secure by such wrongful and illegal act." The law everywhere is, that when a judgment is reversed the defendant in the judgment is entitled to be restored to all that he has lost.

In Withington v. Southworth, 26 Mich. 381, the Supreme Court of Michigan, through Judge COOLEY, said: "The writ in this case brought up the proceedings in an ancillary proceeding by garnishment. We think if those were to be reviewed, a separate writ should have been sued out. It is not important, however, as those proceedings must fall to the ground when

the judgment in the principal case is set aside.'' In Clough v. Buck, 6 Neb. 343, the Supreme Court of Nebraska said: ''This process of garnishment is authorized only when there is a judgment, upon which an execution has been issued and returned unsatisfied for want of property whereon to levy and collect the debt, and therefore the whole proceeding must be supported by a judgment in esse. And if after such process has been had, the judgment is reversed, set aside, or vacated, the execution falls with it, and the garnishment becomes wholly dissolved, for there is nothing left to support either the one or the other.''

In Rowlett v. Lane, 43 Tex. 274, it was ruled that the garnishee's liability is dependent upon the judgment rendered against the defendant. The reversal of such judgment annuls the judgment against the garnishee in the same proceedings. In Hammett v. Morris, 55 Ga. 644, it was held that a judgment against a garnishee is ancillary to and dependent upon the judgment against the principal debtor, and satisfaction of the principal judgment extinguishes the judgment against the garnishee.

The judgment of the circuit court of St. Louis upon which this garnishment is based having been reversed at this term of this court, there is nothing left to sustain the judgment against the garnishee from which she has appealed to this court, and taking judicial notice of our own records of such reversal, it must be ruled that the judgment against the garnishee, Mrs. Bryan, must be reversed, and the garnishee discharged, without any examination into the exceptions saved on the trial of the garnishment.

Judgment reversed and garnishee discharged.

*Burgess, P. J.,* and *Fox, J.,* concur.