## No. 11,168.

## COLLINS *v.* HEATH.

Decided February 2, 1925. Rehearing denied March 2, 1925.

Election contest. Judgment for contestee.

*Affirmed.*

1. ELECTIONS—*Contest—Pleading.* Complaint in an election contest which in effect alleged that there were many errors in counting defective ballots for contestee which should have been rejected, and in counting for him ballots which should have been counted for contestant, sufficient to change the result of the election, states a good cause of action.

2. PLEADING—*Appeal and Error.* Sustaining a demurrer to a complaint in an election contest, if error, harmless, where the proof offered was insufficient.

3. EVIDENCE—*Offer of Proof.* An offer of proof which is unaccompanied by any order or stipulation that it should be considered as an offer of any or all evidence material to the allegations, or which fails to state in substance the proposed evidence, is insufficient.

4. APPEAL AND ERROR—*Judgment—Presumption.* On review all presumptions are in favor of the judgment.

5. TRIAL—*Offer of Proof—Waiver.* When plaintiff excepts to an order excluding his offered testimony, and rests, he waives everything not included in the offer.

*Error to the County Court of Cheyenne County, Hon. V. H. Johnson, Judge.*

Mr. HARRY S. CLASS, Mr. LOUIS VOGT, for plaintiff in error.

Messrs. BURDICK & MOORE, Mr. F. E. MILLER, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties were opposing candidates for the office of county commissioner of Cheyenne county at the general election in November, 1924. The canvassing board found that 834 votes had been cast for plaintiff in error, and 839 votes for defendant in error, and certificate of election was issued to the latter. Thereafter this contest was instituted. To review the judgment duly entered therein against contestant he brings error. The parties are hereinafter referred to as plaintiff and defendant.

This record is short and its accuracy is agreed to. One paragraph of the complaint reads: "That the Judges and Clerk of election in election precinct number two at said election made many errors and mistakes in counting imperfect and defective ballots for the contestee, which should have been rejected, and in counting a large number of ballots for the contestee which should have been counted for the contestor; that by reason of which and so many errors and mistakes the contestor was deprived of many votes, and the contestee was credited with many votes to which he was not legally entitled, sufficient to change the result of said election."

The answer contained a general demurrer which was sustained as to the foregoing paragraph. The only offer made to prove anything on trial is the following: "Thereupon contestor made an offer to submit evidence as to precinct No. 2 to sustain the allegation made in the fourth sub-division of the fifth paragraph (which is the paragraph above quoted) of the statement of contest and that such offer was made without the production or swearing of any witness. This offer was objected to by the contestee and said objection was sustained by the court. Contestant excepted. Thereupon contestor announced that he rested and did not offer or introduce any further evidence nor were any witnesses produced or sworn."

Counsel for plaintiff assert in their brief that their assignments of error may be considered under two heads: (1) Under the practice in such cases a demurrer included

in the answer is improper. (2) The statement of contest set forth a good cause of action.

The second proposition is correct but immaterial. Ignoring that portion of the complaint which the trial court held vulnerable to the demurrer enough remained to support the cause. The "offer", if such it may be called, was expressly limited to the paragraph above quoted. Assuming, but not deciding, that the demurrer thereto should not have been sustained, we consider the ruling of the trial court on the theory that said paragraph then stood as a part of the complaint.

There was neither order of court nor stipulation of counsel that this so-called "offer" should be considered as an offer of any or all evidence material to the allegations. No question was asked, no witness was sworn. If the "offer" was accompanied by any statement of the substance of the proposed evidence it may, for all this record discloses, have been wholly irrelevant. All presumptions are in favor of the judgment. When counsel for plaintiff excepted to the ruling and thereupon rested they waived everything not included in the "offer." It seems too apparent to admit of argument that the alleged "offer" was no offer at all, that the exclusion of it excluded nothing, and that the writ is wholly unsupported by the record. We so hold.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.