### 24363. HARTSFIELD COMPANY v. RAY et al.

SUTTON, J. 1. Where the plaintiff obtains a judgment against the maker of a note and his accommodation indorsers, and sues out process of garnishment thereon, directed to the employer of the defendants, and thereafter judgment is entered against the garnishee, and execution issues thereon, and the garnishee, after threats of levy, pays into court certain sums due the defendants as wages, which were impounded by

the garnishment proceedings, and the plaintiff receives from the court such sums so paid by the garnishee into court; and where a motion for a new trial is made and overruled in the main action, and an appeal is made to the appellate division of the trial court and such judgment is affirmed, and the defendants thereupon sue out certiorari to the superior court, and the certiorari is sustained and the judgment in the main action is set aside, and the plaintiff brings the case to this court for review, where the judgment is affirmed (*Hartsfield Co.* v. *Ray*, 42 *Ga. App.* 737, 157 S. E. 111), and where upon a second trial of the suit on the note a verdict and judgment are rendered in favor of the defendants, and the plaintiff moves for a new trial, and the motion is overruled, and that judgment is affirmed by the appellate division of the trial court, and the case is now pending in the superior court on the plaintiff's petition for certiorari, and the plaintiff refuses, on demand, to pay to the defendants, or either of them, or to the clerk of the trial court, on demand by him, the sum collected by it by reason of the garnishment proceedings based upon the former judgment in the case which was set aside by the superior court on certiorari, and the defendant, Ray, maker of the note sued on, has reimbursed to the defendant indorsers the sums lost by them by reason of the garnishment of their wages, and obtained assignments from them of whatever claim they might have had against plaintiff in the premises, a right of action will lie in favor of the defendant maker in the original action against the plaintiff therein for the amount of money collected by it under said garnishment proceedings based upon the first judgment, so reversed by the superior court; and the verdict and judgment in the present action in favor of Ray, plaintiff therein, against Hartsfield Company, defendant therein, was not contrary to law and the evidence, and the court did not err in overruling the defendant's motion for new trial therein.

2. When the plaintiff in the original case, now defendant in this case, the Hartsfield Company, collected the money impounded by the garnishment process, it did so at its peril, and on the reversal and setting aside of the judgment in its favor in that case it had no right to the funds so collected, and should have turned the same over to the party to whom they rightfully belonged. *Ledbetter* v. *Goodroe*, 48 *Ga. App.* 7, 9 (171 S. E. 872).

3. A valid judgment against the principal defendant is essential to the validity of a final judgment against the garnishee. Civil Code (1910), § 5292; *Whaley* v. *Kear*, 139 *Ga.* 16 (76 S. E. 390); *Leffler* v. *Union Compress Co.*, 126 *Ga.* 662 (55 S. E. 927); *Dent* v. *Dent*, 118 *Ga.* 853 (45 S. E. 680); *Baker Mercantile Co.* v. *Hancock*, 20 *Ga. App.* 799 (93 S. E. 496); *Parker-Fain Grocery Co.* v. *Orr*, 1 *Ga. App.* 628 (57 S. E. 1074). So where the judgment against the defendant is reversed on appeal, a judgment which has been entered against the garnishee falls with it. Chicago Herald Co. *v.* Bryan, 195 Mo. 590, 92 S. W. 906, 6 Ann. Cas. 751; 28 C. J. 319, 320, § 482; *Phillips* v. *Wait*, 105 *Ga.* 848. The rule is supported by reason, as well as by authority, that when the judgment in the main action is set aside or satisfied, the garnishment is thereby dissolved, the garnishment proceeding being auxiliary to and dependent upon the judgment in the principal action. *Brannon* v. *Noble*, 8 *Ga.*

549; *Hammett* v. *Morris*, 55 *Ga.* 644; Clough *v.* Buck, 6 Neb. 343; Note 6 A. & E. Ann. Cas. 753 and cases cited; and see *Roberts* v. *Seanor*, 46 *Ga. App.* 5 (166 S. E. 375), wherein it was held that the judgment obtained against the defendant in the suit on the debt being set aside by the bankruptcy of that defendant, the judgment against the garnishee, based thereon, was nullified and dissolved.

4. So where the judgment against the main defendants was set aside on certiorari and that judgment was affirmed by this court (42 *Ga. App.* 737), all proceedings subsequent to the rendition of the verdict and judgment in the trial court, on which the garnishment proceedings, including the judgment against the garnishee, were based, became and were a nullity, and the plaintiff's right to the funds seized by the garnishment process ceased, and the suit on the note stood upon the docket of the court as if no judgment had ever been entered against the defendants therein. *Jones* v. *Hunt*, 91 *Ga.* 338 (17 S. E. 635); *Mass. Bonding &c. Co.* v. *Realty Co.*, 139 *Ga.* 180 (77 S. E. 86). This being so, all funds seized by the garnishment proceedings being admitted to be wages due the defendants, and the defendant Ray, plaintiff in this action, having obtained valid assignments thereof from the other defendants in the former action, he became entitled thereto.

5. A plea in abatement upon the ground of the pendency of another action between the same parties involving the same subject-matter has no application where the second suit is substantially different from the one that is set up as pending. *Doody Co.* v. *Jeffcoat*, 127 *Ga.* 301 (56 S. E. 421). Furthermore, the plea in abatement does not show, except by way of conclusion, that there was pending between the same parties an action involving the same subject-matter. Neither the petition nor any of the proceedings or the record in the alleged pending suit was set out in the plea or attached thereto. *Butler* v. *Moseley*, 14 *Ga. App.* 288 (2) (80 S. E. 789); *Bishop* v. *Pinson*, 33 *Ga. App.* 269 (125 S. E. 880). It follows that the court did not err in striking the plea on demurrer.

(a) The plea of former adjudication or res judicata, interposed by the Hartsfield Company upon the ground that the judgment in the former suit on the note barred or was an adjudication of the present suit, which grew out of the suit on the note, but, being an action in assumpsit for the money collected by reason of the garnishment proceedings, was likewise, for the above reasons, properly stricken on demurrer.

(b) It is true, if the judgment in favor of the defendants in the pending suit is set aside, and if upon another trial a judgment is rendered in favor of the plaintiff therein, then the defendants will again be indebted to the plaintiff; but as the matter now stands, the defendants are not so indebted, and this has been adjudicated, and therefore the plaintiff in the former suit on the note, the defendant in this action, is not entitled to retain the sums of money collected by the garnishment.

6. This case does not appear to have been brought to this court for delay only. The motion to assess damages is denied. Code of 1933, § 6-1801.

7. It follows that the appellate division of the municipal court of Atlanta, which affirmed the judgment of the trial judge overruling the motion for new trial filed by the defendant in this case, complaining of

the verdict and judgment against it, did not err for any of the reasons assigned. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 9, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff in error. *Durwood T. Pye,* contra.