No. 18,132.

Zurich Insurance Company *v.* Velma M. Bonebrake.

(320 P. [2d] 975)

Decided January 27, 1958.

Messrs. Wagner & Wyers, for plaintiff in error.

Messrs. Knowles & Shaw, Mr. Norman B. Smith, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

On March 14, 1956, Velma M. Bonebrake obtained a judgment in the sum of $32,500.00 against E. M. Davis

and George K. Niehouse in the District Court of Denver. Davis and Niehouse sued out a writ of error. On their application for supersedeas the same was granted conditioned on the filing of a good and sufficient bond in the sum of $35,000.00 within 15 days of *June 28, 1956.*

Davis and Niehouse having failed to comply with the order of this court respecting the filing of a bond in supersedeas, Mrs. Bonebrake instituted garnishment proceedings against Zurich Insurance Company, formerly Zurich General Accident and Liability Insurance Company, Limited, in the District Court of Denver. The Company had issued policies of insurance to Davis and Niehouse which protected them respectively in sums of $20,000.00 and $5,000.00 from liability on account of the matter giving rise to the principal suit. After a hearing, judgment was entered against the garnishee insuror and in favor of Mrs. Bronebrake in the sum of $25,000.00. It is this judgment which is now before us.

In due course the principal proceeding pending on error was determined by this court, resulting in a reversal of the judgment and a remand of the cause to the trial court for a new trial. *Davis, et al. v. Bonebrake,* 135 Colo. 506, 313 P. (2d) 982.

The garnishment here is an ancillary proceeding in aid of execution pursuant to an existing judgment. *Wright v. Nelson,* 125 Colo. 217, 242 P. (2d) 243; Rule 103 (y), R.C.P. Colo. No stay of execution of filing the required bond having been effected in the main case, the trial judge entered judgment in the garnishment proceeding.

At most, the judgment in the principal proceeding was presumptively valid while lodged in this court for review. *Denver v. Willson,* 81 Colo. 134, 254 Pac. 153; *Fitzgerald v. McDonald,* 81 Colo. 413, 255 Pac. 989; *Collins v. Heath,* 76 Colo. 600, 233 Pac. 838; *Drovers' Nat'l Bank v. Denver Live Stock Exch.,* 74 Colo. 212, 220 Pac. 402. Such judgment when not superseded by virtue of the failure to furnish the required bond leaves the

judgment creditor in the position "to take usual steps to enforce collection of his judgment, precisely as if supersedeas had not been granted." *Monks v. Hemphill,* 119 Colo. 378, 203 P. (2d) 503.

But in the instant case the liability of Zurich is wholly dependent upon ultimate liability being established against Davis and Niehouse. This is not the case of property of a judgment debtor in the hands of a third person available to be reached in the event he fails to take the necessary steps to stay enforcement of the judgment.

The reversal of a judgment upon which a garnishment is based leaves nothing to sustain the judgment against the garnishee. *Chicago Herald Co. v. Bryan,* 195 Mo. 590, 92 S.W. 906, 6 Ann. Cas. 751; *First Nat'l Bank v. Hahnemann Institutions of Chicago,* 356 Ill. 366, 190 N.E. 707; *Whinery v. Kozacik,* 216 Ind. 136, 22 N.E. (2d) 829; *Hartsfield Co. v. Ray,* 51 Ga. App. 106, 179 S.E. 732. If the original judgment is reversed, "the judgment in garnishment is deprived of a basis and falls with it." *Madero v. Calzado,* 281 S.W. 328 (Tex. Civ. App.). The existence of a valid judgment is a jurisdictional prerequisite to garnishment relief. *First Nat'l Bank v. Hahnemann Institutions of Chicago,* supra.

As the judgment in the main case has been reversed, and because it is made the basis of the garnishment, it must follow that the judgment in the garnishment proceeding cannot stand alone and must be reversed.

The cause is remanded to the trial court with directions to vacate the judgment in the garnishment proceedings and to dismiss the same. Such dismissal shall be without prejudice to the rights, if any, of the parties in the principal proceeding in connection with said policies of insurance upon retrial thereof.