## MOODY & WILLIAMS, *v* DYE *et al.*

[88 South. 332, No. 21771.]

1. GARNISHMENT. *Judgment against garnishee extinguished on reversal of main judgment.*

    A judgment against a garnishee is incidental to, and dependent upon, the main judgment, and cannot stand where the judgment in the main action has been annulled by reversal.

2. JUDGMENT. *Suit to restrain execution of judgment against garnishee direct attack.*

    Where a judgment against a garnishee is extinguished by the annulment of the main judgment, the garnishee may enjoin execution of the judgment against him; such attack being direct and not collateral.

3. JUDGMENT. *Offer of equity unnecessary before garnishee may have relief against extinguished judgment.*

    Where a judgment against a garnishee has become invalid because the judgment in the main action has been annulled by reversal, it is not incumbent upon the garnishee to offer to do equity to the assignee of the judgment before he is entitled to relief against the extinguished garnishment judgment.

APPEAL from chancery court of Sharkey county.

HON. E. N. THOMAS, Chancellor.

Suit by T. W. Dye, and others against Moody & Williams. From a decree sustaining the bill, defendants appeal. Affirmed.

*Moody & Williams,* and *Chapman & Johnson,* for appellants.

To vacate the judgment against him as garnishee Dye attacks the judgment against Cook, in favor of Pitts, upon which the writ of garnishment was issued, as being void. This constitutes a collateral attack on that judgment, and we submit, in respect to its validity, or binding effect it is not open to impeachment in any collateral action or proceeding.

The purpose of this proceeding is to vacate the judgment, rendered in favor of Pitts against Dye, as garnishee, and not to vacate the judgment, rendered in favor of Pitts against Cook, as the defendant, though to get the relief sought it is necessary to vacate the judgment in favor of Pitts against Cook, so we insist that the principle stated applies to the facts of this case, and that the attack by Dye on the judgment against Cook is a collateral attack. That Dye has no right, in this proceeding, to question the validity of that judgment.

The principle thus stated has been applied in the following cases: *Bostic* v. *Love,* 16· Cal. 69; *Trogdon* v. *Cleveland Stone Co.,* 53, Ill App. 206; *Sturgis* v. *Rogers,* 26 Ind. · 1; *Elmore* v. *Richards,* 25 Ill. 289; *Catchum* v. *Edwards,* 39 N. Y. Suppl. 1012; *Wilkinson* v. *Holton,* 46 S. E. 620; *Mann* v. *Jennings,* 6 So. 771; *Drydon* v. *Parotte,* 85 N. W. 287;*Vicksburg Groc. Co.* v. *Brennan,* 20 So. 845 *Martin* v. *Miller,* 103 Miss. 754; 16 Am. & Eng. Enc. of Law (2 Ed.) page 374; *Ferguson* v. *McKinney,* 60· Miss. 763-771; *Field, Morris & Fenner* v. *McKinney,* 60 Miss. 763; Attach (5 Ed.) sec. 692, et seq.

It is contended that the subsequent reversal of the judgment against Cook *ipso facto* vacated the judgment against Dye as garnishee. As to that we say: First: That it did not and while Cook might, in a proper proceeding · have had the judgment against Dye, as garnishee, vacated, yet even Cook, could not in this proceeding, do so. If not, certainly Dye, as garnishee at his instance only could not. Second: That, even if it did, a court of equity can vacate said judgment only on condition that equity is done.

As To The First Proposition. While we are not concerned as to the right or remedy afforded Cook because of a' subsequent reversal of the judgment against him, yet to clear the matter, it may be well to briefly state what those rights are, and the remedy afforded Cook for' asserting them.

If, before the reversal, the judgment against Cook had been paid by him, he would, by the reversal of the judgment, have the right to get his money back. He could sue Pitts for money had and received. *Bank of U. S.* v. *Bank of Washington*, 8 Law Ed. (U. S.) 299.

Even if Dye had paid the judgment against him as garnishee, to Pitts, Cook would still have the right because of the reversal of the judgment against him to recover from Pitts the amount paid. *Hall* v. *Wells*, 54, Miss. 289-306. The defendant, Cook did not appeal, with *supersedeas* until long after the judgment against Dye, as garnishee, was rendered. Without an appeal, with *supersedeas*, Pitt had a perfect right to enforce his judgment. Sec. 50, Code of 1906; *Memphis Grocery Co.* v *Anderson*, 76 Miss. 322. The subsequent appeal, had *supersedeas*, did not have a retroactive effect. This is clear. *Runyon* v. *Bennett*, 29 Am. Dec. 431. Thus it is clear that the judgment against Cook was only voidable, and had no appeal been prosecuted by Cook the judgment against Dye, as garnishee, was regular in every respect. Reversal of judgment. Does the subsequent reversal of the judgment against Cook *ipso facto* vacate the judgment against Dye, as garnishee, as between Pitts and Dye, not as between Pitts and Cook, but as between Pitts and Dye? That, is the only question presented by this appeal. The attorney for the appellant, who presented this case to the lower court, relied on, and used as authority the following: 95 Am. St. Rep, 132, et seq., note; 4 Corpus Juris, 1205, sec. 325, Note 11, 26, Mich, 381; 97 Am. St. Rep. 328; 6 Am. & Eng. Anno. cases 751, and 2 Ruling Case Law, page 271. Your attention is especially directed to the case of *A. G. Ry. Co.* v. *Crawley*, 118 Miss. 272.

Garnishment is a statutory proceeding whereby a debt due the defendant by another may be subject to the satisfaction of the judgment against the former. On principle, it is like unto an execution, differing only as to its result, in that intangible, rather than tangible property, is subjected to satisfaction of the judgment. In both instances,

however, it is the property of the defendant that is subjected. In this respect a judgment against a garnishee is similar, on principle to a judgment against claimant. By such a judgment, neither the claimant, nor the garnishee, is deprived of anything. When the judgment is rendered against the defendant, upon which the execution, in one instance, or the writ of garnishment, in the other, issued, if anyone has the right to complain of the judgment (against the defendant) or the enforcement thereof, it is certainly not the claimant, or garnishee. Of course, in both instances there must be a valid judgment against the defendant, at the time the judgment against the claimant, or garnishee is rendered; but whether the defendant is discharged from such a judgment or not, the defendant, and the defendant only, has the right to complain.

When an execution issues, and is levied on certain tangible property one who claims it, other than the defendant, files a claimant's affidavit, and the issue to be tried is, whether the property belongs to the defendant or the claimant. The plaintiff, in execution, tenders an issue to the effect that the property levied on, belongs to the defendant and is subject to execution. On this issue the case is tried. To make out his case the plaintiff, must, of course, introduce the judgment, the execution, the officers return and prove that the property, levied on brings to the defendant, and is subject to the execution. That is the very fuondation of the execution and levy, the judgment is introduced. *Blalock* v. *Stephens*, 81 Miss. 711, 33 So. 508.

If a judgment is rendered for the plaintiff in execution it is for the property or the value thereof. If the defendant appeals from the judgment, upon which the execution issued, it being presumed he had not prior thereto appealed, with *supersedeas,* otherwise the execution could not issue, and if on the appeal, such judgment is reversed, it does not, *ipso facto* reverse the judgment against the claimant, even at the instance of the defendant. Even the defendant must ask for restitution when the judgment against him is reversed.

What we have thus stated is in line with the decisions of this court, as we shall clearly show by the following cases: *Wills* v. *Loeb*, 59 Miss. 169; *Alexander* v. *Dulaney*, 16 So. 355. We do not contend that Cook was without remedy to have vacated the judgment rendered against Dye, as garnishee, which subjected the debt due by Dye to the judgment against Cook when the latter was reversed, Cook had ample remedy but it is not Cook that complains.

When the judgment against Cook, in favor of Pitts, was reversed by this court, this court had the power to order a restitution by setting aside the judgment against Dye, as garnishee, if the record, before this court, showed that such a judgment had been entered. If, however, the record fails to show that judgment, then Cook had the right, when the cause was remanded, to have the circuit court award restitution by ordering that judgment be set aside. That is the express holding of the court in *Hall* v. *Wells*, 54 Miss. 289-306.

As To The Second Proposition? The Complainant, Appellee Did Not Offer To Do Equity. This court is fully committed to the proposition that a judgment, though void, will not be enjoined unless the party who seeks the injunction does equity. *Stewart* v. *Brooks*, 62 Miss. 892; *Newman* v. *Taylor*, 69 Miss. 670; *Walker* v. *Mitchell*, 97 Miss. 231; *Welsh* v. *Hannie*, 72 So. 861.

Had the bill in this cause been filed by Cook to vacate the judgment against Dye, as garnishee, because of the subsequent reversal of the judgment, upon which the judgment against the garnishee was predicated, there is no doubt but that Cook would be required to pay the debt owing by him to Pitts. This, as we understand it, is settled in *Catlett* v. *Drummond*, 113 Miss. 50, 74 So. 323.

Conclusion. To make clear our position on the facts of this case, we contend: 1. That the trial court properly found as a fact that the writ of garnishment was personally executed on the appellee. 2. That the judgment in favor of Pitts against Cook was not void for want of jurisdiction, but at most, only voidable because of the fact that the

trial court in that case erred in overruling the motion for a change of venue. 3. Even if void, as claimed, it is not subject to collateral attack by the appellee. In this procedeing, as held by this court in *Field* v. *McKinney*, 60 Miss. 763, the garnishee has no interest in the jurisdiction of the court nor in the regularity of the proceedings, insofar as they relate to the judgment against the defendant, and cannot of course, thereafter attack the validity of such judgment. Section 2350, Code 1906. 4. While Cook, because of the subsequent reversal of the judgment against him, had ample remedy at law by restitution to have had the judgment against Dye, as garnishee, set aside, yet even he, having failed to avail himself of the remedy the law afforded, cannot, in equity, have said judgment vacated. If Cook could not because of his failure to avail himself of the remedy the law afforded, have relief in equity certainly Dye could not. 5. Dye, as garnishee, neither at law, nor in equity has the right to have the judgment against him, as garnishee, vacated because of the subsequent reversal of the judgment against Cook. 6. Even if it be conceded for the sake of argument, and that only, that Dye has the right to have the judgment against him as garnishee vacated, and equity affords the remedy, yet a court of equity cannot act except upon condition that Dye pays the amount admitted to be due, not by Dye to Cook, but by Cook to Pitts, for which the original judgment against Cook was rendered.

*Bell & White,* for appellee.

We take the position here, as we did in the court below, that the reversal by this court in April, 1917, of the Pitts judgment against Cook, (74 So. 777) necessarily carried with it the garnishment judgment against the Dyes, based on the Pitts judgment. This court, in reversing the cause, used the following language:

"In *Campbell* v. *Triplett*, 74 Miss. 365, 20 So. 844, Judge Cooper held that where an attachment was sued out in

Winston County, but. which was not served on any property in that county, and where the defendants were served in another county, and none of the defendants were found in the county where the suit was filed, the court did not acquire jurisdiction." He says:

"The venue of civil actions of this class is in the county in which the defendants or any of them may be found, and if no defendant is served with process in the county in which the suit is brought, the jurisdiction of the court does not attach. *Wolley* v. *Bowie,* 41 Miss. 553; *Pate* v. *Taylor,* 66 Miss. 67, 5 So. 515. See, also, *Spain* v. *Winter,* Walk. 153; *McLeod* v. *Shelton & Minor,* 42 Miss. 517. Judgment of the court below will be reversed, the motion for change of venue sustained and the cause remanded to the circuit court of Sharkey County for further proceedings. Reversed and remanded."

From the above, it is clearly evident that it was the opinion of this court and the only opinion which could be rendered, that the Sunflower County court did not have jurisdiction and therefore, the judgment rendered was absolutely void.

This being the case, we submit to the court the following authorities on the question of law: "We may state here that we have been unable to find any authorities contrary to those cited. It is about the only case in the recollection of the writer in which the authorities seem to have been all one way."

In 4 Corpus Juris, page 1205, section 3250, we find the rule stated as follows: "On the reversal of a judgment, order, or decree, a dependent order, judgment or proceeding ancillary and accessory thereto, shares its fate and falls with it."

In Note 11, same page of same authority, section F, we find the following: "(1) Should the judgment upon which a process of garnishment has been issued in aid of execution be set aside, the garnishment proceedings necessarily fall with it. *Clough* v. *Buck,* 6 Nebr. 343. (2) Likewise a judgment against a garnishee, cannot stand where the

judgment in the main action has been reversed." *Decatur* v. *Simpson,* 119 Iowa, 488, 93 N. W. 496, 97 Am. St. Rep. 328; *Chicago Herald Co.* v. *Bryan,* 195 Mo. 590, 92 S. W. 906, 6 Ann. Cas. 751, and note; *Smith* v. *Kansas City, etc., R. Co.,* 49 Mo. App. 54.

We find the same rule stated in 2 Ruling Case Law, page 271, latter part of section 223. *Decatur* v. *Simpson,* 93 N. W. 496; *Whittington* v. *Southworth,* 26 Mich. 381; *Rowlett* v. *Lane,* 43 Tex. 274.

The court will find reference to similar opinions following the same line of reasoning collated in the Third Century Digest, title, "Appeal and Error," section 4629, and in volume 2 of the Decennial Digest, same title, section 1180. (2) and in Vol. 2, of the Second Decennial Digest, section 1180 (2). We have cited above the cases found by us exactly in point and here direct the atention of the court to the fact that no opposing cases are cited by the counsel for appellant.

Holden, J., delivered the opinion of the court.

This appeal presents a suit which was started by a bill filed by appellee Dye seeking to vacate a judgment against him as garnishee, and to perpetually enjoin execution under it. From a decree sustaining the bill appellants, Moody & Williams, assignees of the judgment against Dye appeal.

Briefly stated, in 1915 W. T. Pitts sued and recovered judgment against E. B. Cook for two thousand, eight hundred and ten dollars as damages for breach of a contract. Garnishment upon this judgment in favor of Pitts was issued against appellee Dye, and a judgment for the amount of two thousand, eight hundred and ten dollars was rendered against him as garnishee. Several executions were issued on this garnishment judgment, but returned *nulla bona.* Pitts then assigned the judgment to the appellants, Moody & Williams, who were the attorneys for Pitts in the litigation. Finally execution un-

der the judgment was levied upon the land of appellee Dye, whereupon he filed the bill in this cause to vacate the judgment and enjoin the execution.

In the meantime, Cook, the judgment debtor in the main judgment, appealed to the Supreme Court, which reversed the main judgment obtained by Pitts against him. See *Cook* v. *Pitts*, 114 Miss. 39, 74 So. 777.

The original bill of appellee Dye based its claim for relief upon the ground that, the judgment of Pitts against Cook having been reversed by the Supreme Court, the garnishment proceedings and judgment based upon it fell with the judgment, and that no execution could be issued on it. To put it in another way, the contention is that the garnishment proceedings and judgment against the garnishee was incidental to and dependent upon the main judgment of Pitts against Cook, and that when the main judgment was reversed and annulled then the judgment against the garnishee *ipso facto* became null and void, for the reason that when the main judgment is extinguished by annulment the judgment against the garnishee can no longer rest upon it and must fall.

The contentions made by the appellant in opposition to the position of the appellee are that appellee Dye is attacking the judgment of Pitts against Cook by a collateral proceeding, which cannot be done; that the appellee Dye failed to protect himself against a void judgment under section 2350, Code of 1906 (Section 1945, Hemingway's Code); that the right to vacate the garnishment judgment when the main judgment is reversed can be exercised only as between the parties to the original judgment; that the judgment against the garnishee did not fall with the reversal of the main judgment, as it was not appealed from and could be resisted only by the original judgment debtor; and, finally, it is contended that appellee was not entitled to relief because he did not offer to do equity in the case.

We are of the opinion the true rule is that a judgment against a garnishee cannot stand where the judgment in the main action has been reversed. The garnishment pro-

ceedings grow out of and are incidental to the main judgment, and a judgment against a garnishee rests upon the main judgment which gives it life, and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce because of its annulment, then the purpose and life of the judgment against the garnishee is ended. Therefore the judgment against the appellee Dye, as garnishee in the original suit, was extinguished when the main judgment was annuled by reversal of the Supreme Court. 4 C. J. 1205 and notes; 2 R. C. L. 271.

Counsel for appellants do not seem to dispute the principle announced above, but make the contention that the rule can be applied only as between the original parties to the main judgment, and that Cook only could complain at the judgment against Dye. It is our conclusion that the appellee, as a party to the judgment, was well within his rights to protect himself against execution under the void garnishment judgment after the annulment of the main judgment and when execution was levied against his property it also appearing in this record that Dye was liable to and did pay Cook the amount of his indebtedness to him. 12 R. C. L., sections 100, 109; *Chicago* v. *Bryan*, 195 Mo. 590, 92 S. W. 906. In *Railroad Co. v. Crawley*, 118 Miss. 272, 79 So. 94, the main judgment was not annulled.

As to the contention of appellant with reference to the collateral attack of the judgment, we think there is no merit in the point, because the attack is directly to vacate the judgment and enjoin process thereunder, because of its invalidity by extinguishment.

As we have already said in this opinion, the judgment against the garnishee must fall when the main judgment is annulled. Counsel cites the case of *Alexander* v. *Dulaney*, 16 So. 355, which in turn cites the case of *Willis* v. *Loeb*, 59 Miss. 169, and contends that the Dulaney Case announces the opposite rule in this state. We disagree

with counsel, in this claim, as a careful study of the Dulaney and Willis Cases will demonstrate, regardless of some language inadvertently used by the court, it was not intended to be announced that where the main judgment is reversed any other judgment incidental to or depending upon the main judgment would not fall.  However, in that case the litigation was between the attaching creditor and debtor and the claimant of the property. But we recognize the principle involved as analogous, if not exactly similar, to the one under discussion.

The last point presented by appellant, that it was incumbent upon the appellee to do equity before asking equitable relief, is without merit, because, as we see it, he was under no duty or obligation flowing from good conscience to offer anything to the appellants in satisfaction of their void claim, as evidenced by the extinguished judgment.

The judgment of the lower court is affirmed.

*Affirmed.*