GRACE *v.* PIERCE.
SCRUGGS *v.* HERMAN *et al.*

[90 South. 590.  Nos. 22270, 22271.]

1. APPEAL AND ERROR.  *Chancellor's decision on facts sustained unless manifestly wrong.*

   A chancellor's decision on the facts of a case will be sustained by the supreme court unless it be manifestly wrong.

2. JUDGMENT.  *Garnishment will not extend the lien of the judgment upon which it is founded.*

   A writ of garnishment issued within the seven-year statutory period of liimtation will not serve to extend the lien of the judgment upon which it is founded, as the judgment lien can only be extended by the filing of another suit before the expiration of seven years from the date of the rendition thereof.

3. GARNISHMENT.  *Proceedings require a valid judgment and fail when the judgment is extinguished by limitation statute.*

   A valid judgment is essential to the validity of a garnishment proceeding, and, when a judgment upon which a writ of garnishment is founded is extinguished by the bar of the statute of limitation, the garnishment procedings likewise fail.

APPEAL from chancery court of Leflore county.

HON. G. E. WILLIAMS, Chancellor.

Suits between M. B. Grace and M. F. Pierce and between Mrs. Cora Scruggs and Robert Herman and another were

decided in one opinion coming to the supreme court in one record, in which M. B. Grace appeals from a decree in the former, and Mrs. Cora Scruggs appeals from a decree in the latter. Decree in the former case affirmed. Decree in the latter case reversed, and judgment will be entered here for appellant.

*M. F. Pierce* and *Alfred Stoner,* for appellant.

The judgments rendered by the justice of the peace courts in the year 1911, against Mr. Scruggs and in favor of Messrs. Robert Herman and George A. Wilson, were, at the time of the decision of the chancery court, and at the time of the filing of the interpleader barred by the statute of limitation and absolutely dead. There had been nothing to extend the life of those two judgments since their rendition.

In the Mississippi case of *Moody & Williams* v. *Dye,* 88 So. Rep., 332 it is said: "The garnishment proceedings grow out of and are incidental to the main judgment, and the judgment against a garnishee rests upon the main judgment which gives it life and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce because of its annulment, then the we submit that no statute in our state runs against a is ended."

We submit that the above quotation directly upholds our contention. 20 Cyc., at p. 981; *Dibrell* v. *Reely,* 61 Miss. 217; 20 Cyc. 1005; 20 Cyc. 1007; *Russell* v. *Clingan,* 33 Miss. 535; *Pigford Grocery Co.* v. *Wilder,* (Miss.), 76 So. 745. In *Columbus Insurance & Banking Co.* v. *Hirsh,* 61 Miss. 74, it is said: "It is true that the service of the writ binds any money belonging to the defendant that he may receive between the time of service and the return day of the writ."

Some states hold, as above pointed out, that only the money due the judgment debtor at the time of service of the writ is bound, but none allow a recovery for any sum becoming due after the return day, and certainly not a recovery of money due after three years and after the debt had been sold by the judgment debtor and on a dead judgment too.   8 Am. & Ency. of Law, 1156, 1194; 14 Am. & Eug. Ency. of Law, 763.

We respectfully submit that the lower court erred in decreeing to the judgment creditors of Scruggs a sum of money that had been formerly assigned, and in upholding a garnishment against a claim for usury that became due three years after the return day of the writs of garnishment and also in giving life to the principal judgment that had been dead for three years.

*Gardner, McBee & Gardner,* for appellee.

It is argued in the brief of appellant that the garnishment proceeding is void as being barred by the Statute of Limitation.   This contention cannot be maintained because from the record it appears that the judgment on which garnishment was issued was rendered in 1911, and that six years later and not seven years the writs of garnishment were issued.   The garnishments were therefore at the time they were issued based on a judgment that was valid and not barred by any statutes of limitation.

It therefore follows that thereupon a suit was pending between the garnishee, the McShane Cotton Company and the plaintiffs Robert Herman and G. A. Wilson, Jr., and we submit that the statute in our state runs against a pending suit.

Garnishment as the proceeding is at present authorized by statute partakes of the nature of and is in all essentials a separate action or suit against the person garnished. *Keen* v. *Smith,* 75 Pac. 1065.

Garnishment is the institution of a suit by a creditor against the debtor of his debtor and is governed by the

127 Miss.—53.

general rules applicable to other suits adapted to the relative situation of the parties. *Roman* v. *Montgomery Iron Works,* 47 So. 136.

Garnishment, as to the garnishee, is original process and must be executed as such. *Jeffries* v. *Harvie,* 38 Miss. 97; *Roy* v. *Heard,* 38 Miss. 544; *Hoffman* v. *Simon,* 52 Miss. 302.

It is contended that the writ of garnishment binds all sums that may be due up to the return day of the writ, but not thereafter. The case of *Columbus Insurance & Banking Company* v. *Hirsh,* 561 Miss. 74, means, we submit, that up to the time the answer is filed the garnishee must discover to the court what sums he owes. The writ is a statutory writ and commands the garnishee to answer, whether he be indebted to the defendant, or were so indebted at the time of the service of the writ on him, or have at any time since been so indebted. Section 1837 Hemingway's Code.

At the time the bill of interpleader was filed, which of course partook of the nature of an answer in garnishment the garnishee the McShane Cotton Company could not truthfully answer that it was not then indebted. Therefore we submit that any sums then in its hands were subject to the garnishment proceeding.

COOK, J., delivered the opinion of the court.

In the year 1914 A. J. Scruggs filed suit against the McShane Cotton Company seeking to recover usury that had been paid to said company. In September, 1919, a final decree was entered in favor of complainant, and an appeal from this decree was affirmed by this court. Thereafter the McShane Cotton Company filed a bill of interpleader against various parties alleging that the complainant was ready and anxious to pay the amount of the indebtedness under said decree to any person or persons entitled thereto, but that the various parties defendant were asserting claim to the amount of money due under the de-

cree, and that it was necessary to stay the execution and
to summon the several defendants to appear and propound
their claims.   The bill undertook to set forth in detail
the claim of each defendant, and several of the defendants
answered the bill and propounded their claims.   The com-
plainant paid the money into court and was discharged,
and upon the trial of the cause there were three separate
decrees entered adjudicating the rights of the several de-
fendants who had propounded their claims.   There were
appeals prosecuted from two of these decrees, and, while
there is but one record filed in this court, these appeals are
separately docketed, the first being No. 22270, and styled
*M. B. Grace* v. *M. F. Pierce,* and the other being No. 22271,
and styled *Mrs. Cora Scruggs* v. *Robert Herman and G. A.
Wilson, Jr.*   In the disposition of these two appeals we
deem it necessary to set out only the issues involved be-
tween these, respective claimants who are parties to these
appeals.

It was alleged in the bill of interpleader that M. F.
Pierce, who, as attorney for A. J. Scruggs, had filed the
original suit against the McShane Cotton Company, claim-
ed a fifty per cent. interest in the fund in controversy by
virtue of a written assignment dated February 7, 1916,
and that M. B. Grace was asserting some right to share
in the interest claimed by Pierce.   Appellant M. B. Grace
filed an answer to this bill and made his answer a cross-
bill against the claimant, M. F. Pierce.   In his answer and
cross-bill Grace alleged, in substance, that on the 28th
day of April, 1914, M. B. Grace and M. F. Pierce formed
a general partnership for the practice of law; that under
the terms of the partnership agreement the net profits
were to be divided in the proportion of two-thirds to Grace
and one-third to Pierce; that after the formation of this
partnership A. J. Scruggs employed the firm to file the
original suit against the McShane Cotton Company upon
a contingent basis of fifty per cent. of the amount recovered;
that upon this agreement the business was accepted by
Grace for the firm; that, the said M. B. Grace having some

unfinished business for the McShane Cotton Company, it was agreed between Grace and Pierce that the bill of complaint to be filed should be signed by Pierce as counsel for complainant, but that the case should be partnership business; that said suit was prosecuted to a successful conclusion; that the law firm of Grace & Pierce was entitled to one-half of the recovery in the proportion of two-thirds to Grace and one-third to Pierce. Other matters set up in the cross-bill are not material to a decision of the question here involved.

Appellee M. F. Pierce filed an answer to the bill of interpleader in which he propounded his claim to fifty per cent. of the amount in controversy, and also filed an answer to the cross-bill in which he admitted the partnership with appellant, but denied all other material allegations of the cross-bill. This answer averred, in substance, that the suit of *Scruggs* v. *McShane Cotton Company* was instituted by Pierce just a few days prior to the dissolution of the firm of Grace & Pierce; that on account of the fact that Grace had some unfinished business for the McShane Cotton Company he declined to accept employment in the case; that the said Scruggs employed Pierce individually to represent him; that it was distinctly understood between Grace and Pierce, and also by the client, that Grace would not accept employment in the matter and that it would not be accepted as partnership business; that the said Grace had nothing whatever to do with the filing of the bill of complaint; that the suit was pending in the courts for more than six years, and Grace never at any time had any part in the prosecution thereof; and that he was not entitled to any part of the fee arising from a successful conclusion thereof.

Upon the issue of fact thus presented much testimony was introduced, and at the conclusion thereof the chancellor entered a decree denying appellant Grace any relief, and awarding the appellee Pierce fifty per cent. of the amount in controversy. There is some conflict in the testimony, but we think the decree is amply supported by the

testimony, and that the chancellor reached the right con-
clusion. The decree will therefore be affirmed.

Upon the issue presented by the appeal of Mrs. Cora
Scruggs the uncontroverted facts as shown by the plead-
ings and proof are substantially as follows: In February,
1911, appellees Robert Herman and G. A. Wilson, Jr., re-
covered judgments against the said A. J. Scruggs; that
on March 24, 1917, writs of garnishment were issued on
each of said judgments returnable on April 24, 1917; that
these garnishment writs were served on the McShane Cot-
ton Company on the same day; that no answer was ever
filed by the garnishee, but by agreement between the judg-
ment creditors and the garnishee.the writs of garnishment
were continued indefinitely to await the final determina-
tion of the Scruggs suit; that by virtue of a written as-
signment dated December 8, 1920, and duly acknowledged
the same day, appellant claims an undivided one-fourth
interest in the proceeds of the judgment against the Mc-
Shane Cotton Company; and that appellant was not a
party to any agreement that the said garnishment pro-
ceeding should lie dormant pending the conclusion of the
original suit. The answer of appellees averred, and it is
their contention here, that the judgment in their favor
constituted a prior lien on all the property of the said
Scruggs, and that they had the right to insist upon and en-
force such liens from and after the date of the service of
the writs of garnishment issued upon such judgments. The
answer of appellant averred that no lien in favor of ap-
pelees existed against the fund in controversy by virtue
of such writs of garnishment for the reason that the judg-
ments on which the writs of garnishment were based were
then barred by the statute of limitation.

The judgments rendered in 1911 were long since barred
by the statute of limitation, and the issuance of writs of
garnishment before the bar of the statute attached did not
serve to extend or keep alive the lien of these judgments.
In *Street* v. *Smith,* 85 Miss. 359, 37 So. 837, this court said:

"And as the judgment lien is created by the final decision of a court, so it can only be renewed or extended by a similar process. The lien of a judgment can be extended by the filing of another suit upon the judgment before the expiration of seven years from the date of the rendition thereof, and in no other manner."

A valid judgment is essential to the validity of a garnishment proceeding, and when a judgment upon which a writ of garnishment is founded in extinguished by the bar of the statute, the garnishment proceedings likewise fail. No effort was made to revive the judgments upon which these garnishment proceedings were based, the garnishments had been allowed to lie dormant until the foundation upon which they rested had been swept away, and thereafter appellees had no valid claim to the funds in controversy. In *Moody & Williams* v. *Dye*, 125 Miss. 770, 88 So. 332, this court said:

"The garnishment proceedings grow out of and are incidental to the main judgment, and a judgment against a garnishee rests upon the main judgment which gives it life, and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce because of its annulment, then the purpose and life of the judgment against the garnishee is ended."

The decree of the court below recites that there was an agreement between the Judgement creditors that appellees should have a prior claim to twenty-five per cent. of the fund in controversy, but appellant was not a judgment creditor, and it appears that she was not a party to such agreement, and we think the decree awarding appellees twenty-five per cent. of the money in court is erroneous.

The decree in the case of *M. B. Grace* v. *M. F. Pierce*, numbered 22270, is affirmed. The decree in the case of *Mrs. Cora Scruggs* v. *Robert Herman and G. A. Wilson, Jr.*, number 22271, is revised, and judgment will be entered here for appellant.

*Affirmed and reversed.*