## McNAUGHTON et al. v. LEWIS et al.

No. 17432. Opinion Filed July 5, 1927.

(Syllabus.)

1. Appeal and Error—Reversal and Remandment with Directions to Dismiss Action—Effect.

A judgment of reversal on appeal and remandment of the cause with directions to the trial court to dismiss the action is a final disposition of the case by the appellate court, with the entry of the order of dismissal a ministerial act to be performed by the trial court upon reception of the mandate in said cause.

2. Same—Effect Upon Appeal of Auxiliary Action in Garnishment in Aid of Execution.

Where an auxiliary action in garnishment in aid of execution of the judgment in the principal case is pending on appeal,

a reversal of the judgment in the principal cause and remandment with directions to the trial court to dismiss the action has the effect of like disposal of the appeal in the auxiliary action.

**3. Same—Trial Court Without Jurisdiction to Vitalize Auxiliary Action.**

Where the principal action is finally disposed of by the appellate court and remanded with directions to the trial court to dismiss the action, further proceedings had in said cause in the trial court after reception of the mandate are ineffective to vitalize and continue in force the auxiliary action in garnishment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Auxiliary action in garnishment by Alice Belle Lewis against W. R. Hurley et al., defendants. Judgment for plaintiff, and defendants F. D. McNaughton et al. and garnishee bring error. Reversed and remanded.

James E. Whitehead, J. A. Bass, and Hagan & Gavin, for plaintiffs in error.

R. L. Disney, for defendants in error.

TEEHEE, C. This was an auxiliary action in garnishment brought on November 4, 1925, by Alice Belle Lewis, as plaintiff, defendant in error here with W. R. Hurley, against W. R. Hurley, David A. Shepherd, Telfair Hodgson, W. H. Irwin, and T. D. McNaughton, defendants, and Atlantic Oil Producing Company, garnishee, excepting W. R. Hurley plaintiffs in error here, in aid of the execution of a judgment against the defendants and filed in the main cause. The parties will hereinafter be referred to as they thus appeared in the trial court.

Briefly stated, plaintiff, on May 5, 1925, in an action to quiet title to certain real estate, for damages for the wrongful use and occupation thereof, and for rents and royalties produced therefrom, recovered a judgment of clearance of title and the sum of $9,220.03 as damages, rents, and profits against the defendants, from which judgment defendants appealed, the cause in this court being entered as No. 17066 (McNaughton v. Lewis, 124 Okla. 181, 254 Pac. 927). This judgment was not superseded. In due course execution was issued against the defendants, which was returned unsatisfied. Thereupon plaintiff on November 4, 1925, filed in the cause a garnishment affidavit against said defendants and the Atlantic Oil Producing Company as garnishee, upon which summons was issued, and on the date of issuance served on one of the attorneys

of record for defendants, and the local manager of garnishee.

On December 5, 1925, alias summons was issued against the defendants, excepting W. R. Hurley and W. H. Irwin, and against the garnishee, which was served on the service agent for the garnishee, it then appearing that it was a foreign corporation, and the said attorney of record for the other three defendants. On January 30, 1926, the said three defendants appeared specially and filed their motion to quash the service of summons as to them. After like motion and sustention thereof, and subsequent summons, on February 8, 1926, the garnishee, in response to the summons last served on it, filed its answer in which it challenged the jurisdiction of the court to render judgment against the defendants in the main cause, but admitted that it had in its possession and control the sum of $2,041.66, monies due said defendants which it had not paid to said defendants or any of them because of the pendency of the principal action. On February 15, 1926, plaintiff filed her motion to require the garnishee to pay into court the monies disclosed by its answer.

On March 5, 1926, all of the defendants, except W. R. Hurley, appearing specially, filed a motion to quash the summons served on the garnishee, in response to which it had filed its answer, and therein challenged the jurisdiction of the court in the proceedings had in the main cause, and urged that by reason thereof the court was without jurisdiction to issue the garnishee summons, and prayed quashal thereof.

On April 12, 1926, the answer of garnishee, the motion of plaintiff, and the motions to quash by the defendants named were by the court considered, whereupon the motions to quash were overruled, and it was ordered that the garnishee pay the monies held by it to the clerk of the court pending further orders, to which order and judgment of the court said defendants and the garnishee excepted and prayed an appeal to this court. The judgment in garnishment was superseded. In due time the appeal was lodged in this court.

On April 17, 1927, defendants and garnishee filed their motion to reverse and remand the cause on the ground that cause No. 17066, the main case, had been by this court reversed and remanded on April 12, 1927, with directions to enter judgment of dismissal of plaintiff's action, as the appeal in the case at bar was dependent upon that cause. To this motion plaintiff filed

her response on April 25, 1927, asserting that the motion to reverse and remand should be denied on the grounds that the reversal of the main case did not dispose of this appeal, and that upon remandment of said cause other proceedings were had in the trial court from which plaintiffs in error in that premise are prosecuting another appeal, and for such reasons prayed that determination of this cause await action on the appeal now in process. Thus the case is now before us for consideration. The effect of the judgment of this court in the main cause is determinative hereof.

The auxiliary action of garnishment, as in aid of execution, is authorized by section 753, C. O. S. 1921. This is as follows:

"When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reasons to, and does, believe that any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property."

Upon the filing of an answer by the garnishee,

"All subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable." Section 755, Idem; Mason v. Miller, 54 Okla. 46, 153 Pac. 187.

Necessarily garnishment proceedings instituted, as here, must stand or fall with the principal case.

As indicated, cause No. 17066, the main action wherein plaintiff recovered judgment against the defendants, was by this court reversed and remanded with directions to dismiss the action. This case, styled McNaughton et al. v. Lewis, is reported in 124 Okla. 181, 254 Pac. 972. When the main case was reversed and remanded with directions to dismiss the action, the appellate judgment operated with equal force upon the appeal in the case at bar, as it was dependent on the judgment reversed, and rendered the garnishment proceedings of no further avail. Section 387, Idem; Dunham v. Holloway, 2 Okla. 78, 35 Pac. 949; Chicago Herald Company v. Bryan, 195 Mo. 590, 92 S. W. 906, 6 Ann. Cas. 751; Moody & Williams v. Dye, 125 Miss. 770, 88 South.

332; Warren v. Interstate Realty Co., 192 Ill. App. 438; 12 R. C. L. 860, paragraph 109.

The relevant part of said section 387 is as follows:

"If judgment be rendered in the action for the defendant the attachment shall be discharged and the property attached, or its proceeds, shall be returned to him. * * *"

In Dunham v. Holloway, supra, plaintiff recovered a judgment for $5 434,61, and an attachment proceeding therein filed on the date of filing of the main action was at the time of judgment sustained. On appeal the judgment of the lower court was reversed and the cause remanded for a new trial. Adverting to the attachment proceedings this court said:

"It has been suggested that such reversal would not carry with it a new trial upon the attachment proceedings; but, the attachment being merely auxiliary to the main issue, it follows that where no judgment is obtained upon the principal question, the attachment must also fail."

In Chicago Herald Company v. Bryan, supra, which was an appeal in garnishment proceedings as in the case at bar, in paragraph 2 of the syllabus, the court said:

"Garnishment is one of the modes pointed out by statute by which an execution is executed. It is not a new suit. It is an incident or an auxiliary of the judgment in the principal suit, and a means of obtaining satisfaction of that judgment by reaching defendant's property or credit. Therefore, if there is no longer any judgment in the principal suit, the garnishment must fail."

In that case the judgment in the main cause having been reversed, the judgment in the garnishment appeal was likewise reversed and the garnishee discharged.

In Moody & Williams v. Dye, supra, which involved a bill to vacate and enjoin the execution of a garnishment judgment upon reversal of the main action, the court, in paragraph 1 of the syllabus, said:

"A judgment against a garnishee is incidental to, and dependent upon, the main judgment, and cannot stand where the judgment in the main action has been annulled by reversal."

In Warren v. Interstate Realty Company, supra, which involved garnishment proceedings on appeal, and where the judgment in the main action was reversed, the court said:

"Reversal of a judgment against the defendant in the principal action necessarily requires a reversal of the judgment against the garnishee."

The effect of the judgment of this court, therefore, in No. 17066, the case on which the cause at bar was dependent, must operate as a reversal of the judgment in the case at bar and remandment of the cause with directions to dismiss the action and discharge the garnishee.

Plaintiff, however, contends that, because of proceedings had in the trial court subsequent to the reception of the mandate in the main cause, determination of this appeal should await action by this court on the appeal now in process in the principal action.

Under the judgment by this court rendered in the main case, we do not understand that further proceedings may be had in the trial court other than the entry of the order of dismissal. It is a well settled proposition of law that a judgment of reversal with directions to the trial court to enter a particular judgment, as here, is a finality of the case, with entry of the directed order by the trial court being a ministerial act; in other words, the effect of the appellate judgment was as if no cause was longer pending. Mountain Home Lumber Co. v. Swartwout, 33 Idaho, 737, 197 Pac. 1027; Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 Pac. 196, 96 A. S. R. 115; Tourville v. Wabash R. Co., 148 Mo. 614, 50 S. W. 300, 71 Am. St. Rep. 650; Barbour v. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. (N. S.) 715; Galbreath v. Wallrich, 48 Colo. 127, 109 Pac. 417, 139 Am. St. Rep. 263; 2 R. C. L. 289, paragraph 244.

In Mountain Home Lumber Co. v. Swartwout, supra, the court, in addressing itself to this proposition, used this language:

"The mandate of the reviewing court is binding upon the lower court, and must be strictly followed. Where the appellate court remands a cause with directions to enter judgment for one of the parties, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act. (Citing authorities.)

"A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court. That order is conclusive on the parties, and no judgment or order different from or in addition to that directed by it can have any effect. Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. The reason for this rule is obvious. When a particular judgment is directed by an appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest requires that there shall be an end to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey; otherwise litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law."

As has already been pointed out, this principle of finality applies with equal force to the case at bar, as the vitality of the judgment therein was dependent on the vitality of the judgment rendered meaningless in the main cause.

In Moody and Williams v. Dye, supra, in speaking of the nature of garnishment proceedings and the relation thereof to the principal cause, it was said:

"We are of the opinion the true rule is that a judgment against a garnishee cannot stand where the judgment in the main action has been reversed. The garnishment proceedings grow out of and are incidental to the main judgment, and a judgment against a garnishee rests upon the main judgment, which gives it life, and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce because of its annulment, then the purpose and life of the judgment against the garnishee is ended. Therefore the judgment against the appellee Dye, as garnishee in the original suit, was extinguished when the main judgment was annulled by reversal of the Supreme Court. 4 C. J. 1205, and notes; 2 R. C. L. 271."

In Decatur v. Simpson, 119 Iowa, 488, 93 N. W. 496, 97 A. S. R. 328, appears this language:

"The judgment, which alone authorized the garnishment, being erroneous, all proceedings had thereunder are, as between the immediate parties, ipso facto void and of no effect. Waples, Attachment, pp. 345, 346.

"It is said in argument that the garnishment, and the judgment thereunder, ought not to be released, because of the fact that the principal case has been again tried, and another judgment rendered in favor of the plaintiff. We are unable to see how such fact can affect the question. The garnish-

ment had vitality only through the judgment upon which it was predicated. When the judgment became extinguished, the garnishment, which was but an incident to it, partook of its fate, and the right of the judgment defendant to have restitution made became absolute eo instanti. There is no authority for the proposition that a garnishment proceeding can be kept alive pending a new trial, and awaiting the possible arrival of a new judgment and execution under which it may again be fully vitalized, and to have effect as of the time when the garnishment proceedings were first instituted. In other words, garnishment proceedings are not susceptible of affiliation with a judgment, having the relation only of a foster or step-parent."

Whatever proceedings, therefore, may have been had in the trial court subsequent to the reversal of the judgment in the principal action cannot operate as a modification of the appellate judgment and order therein directed to be entered by the trial court, and thus such proceedings are ineffective to perpetuate and postpone disposition of the garnishment proceedings, as there is nothing of vitality thereof to be retained. The garnishment action was more than moribund— it was dead.

The judgment of the district court is therefore reversed and the cause remanded, with directions to dismiss the garnishment proceedings and discharge the garnishee.

BENNETT, MONK, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1221, §3270; p. 1233, §3291; 2 R. C. L. p. 289; 1 R. C. L. Supp. p. 493; 4 R. C. L. Supp. p. 104; 5 R. C. L. Supp. 92; 6 R. C. L. Supp. p. 86. (2) 4 C. J. p. 1205, §3250; 12 R. C. L. p. 860. (3) 4 C. J. p. 1221, §3270.