BUCKLEY *v.* F. L. RILEY MERCANTILE CO.

(Division A.   Oct. 21, 1929.   Suggestion of Error Overruled Nov. 18, 1929.)

[124 So. 267.   No. 28033.]

Livingston & Milloy, of Prentiss, for appellant.

Hilton & Hilton, of Mendenhall, for appellee.

Smith, C. J., delivered the opinion of the court.

On August 23, 1921, the appellee recovered a judgment against I. B. Buckley. On October 4, 1928, a writ of garnishment was issued on this judgment against Myers, who answered, admitting an indebtedness due by him to Buckley, and setting forth that Juanita Buckley claimed that it had been assigned by I. B. Buckley to her. She appeared and propounded her claim to the debt, and an agreed issue was made up for the trial thereof, which resulted in a judgment for the appellee.

One of the contentions of the claimant and of the judgment debtor is that the writ of garnishment is void, for the reason that it was issued more than seven years from the date of the judgment on which it was issued. Section 3103, Code 1906 (Hemingway's Code 1927, section 2641), provides that "an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree." It is true that a writ of garnishment is not mentioned in this section, and therefore is not forbidden thereby, unless included in the word "ex-

ecution." An execution in the strict and narrow sense "is a judicial writ issuing from the court where the judgment is rendered, directed to an officer thereof, and running against the body or goods of a party, by which the judgment of the court is enforced. . . . As used in the statutes, the term 'execution' is often construed in a broad sense as including more than the writ as already defined. . . . Thus it sometimes embraces all the appropriate means to execution of the judgment." 23 C. J. 305; Grace v. Pierce, 127 Miss. 831, 90 So. 590, 21 A. L. R. 1035; Moody v. Dye, 125 Miss. 770, 88 So. 332. It is in this broad sense that the word "execution" is used in the statute hereinbefore cited, and this garnishment must fail, unless the issuance of the writ is authorized by some other statute.

On August 15, 1928, a few days within seven years from the rendition of the judgment on which this writ of garnishment was issued, a suit was instituted thereon by Jeff D. Riley, who claims to now own the judgment, which suit was pending when the writ of garnishment was issued, and was undisposed of when the issues arising out of the garnishment were tried. Section 3110, Code 1906 (Hemingway's Code 1927, section 2648), provides that "a judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time." Section 2796, Code 1906 (section 2452, Hemingway's Code 1927), provides that, "where a suit shall have been brought to keep a judgment alive within seven years from the rendition of such judgment, the general lien of such judgment shall expire as to creditors and subsequent purchasers for a valuable consideration without notice, at the end of seven years from the rendition of such judgment, notwithstanding such suit to keep alive the judg-

ment, unless a notation to keep alive such judgment shall be made on the judgment roll within six months after the expiration of seven years from the time of the rendition of such judgment.''

These two sections are claimed by counsel for the appellee to authorize the issuance of a writ of garnishment on the judgment. Neither of these sections expressly so authorizes, and cannot be held so to do by implication. Under them the lien of a judgment on which an action is brought is kept alive, and when the new judgment is recovered the lien is brought forward into the new judgment, but executions and all other process to enforce the lien must be issued on the new judgment. This construction harmonizes with three statutes, and does not disturb the express prohibition contained in the first.

The judgment of the court below will be reversed, and the garnishment dismissed.

Reversed and dismissed.