## MYERS v. SOUTHARD.
### No. 1708.

Court of Civil Appeals of Texas. Eastland.
Nov. 12, 1937.

C. P. Chastain, of Hamlin, for appellant.

E. V. Hardwick, of Stamford, for appellee.

GRISSOM, Justice.

In 1931, in cause No. 14968, in a district court of Eastland county, R. L. Myers recovered against Central West Texas Insurance Association a judgment for the sum of $1,100. The judgment provided "that the said defendant be and is hereby ordered to levy an assessment, in the usual, and customary manner, against each and every member of its Class 'C.' " Said defendant was directed to pay to said plaintiff the amount received from such assessment, and the judgment further provided that "upon receipt of the proceeds of said assessment, regardless of whether same shall amount to the said $1100, with costs, this judgment shall be satisfied * * *."

In the same court, in cause No. 15154 in July 1933, in a cause styled R. L. Myers v. Stamford State Bank, Garnishee, Myers obtained judgment against the Central West Texas Insurance Association, as principal, and Dallas Southard and others, as sureties, on the insurance company's replevy bond in said garnishment proceeding for the sum of $1,100. This was a judgment in a garnishment proceeding ancillary to and for the purpose of collecting the judgment in cause No. 14968.

On September 6, 1933, in cause No. 51042, styled State of Texas v. Central West Texas Insurance Association et al. in a district court of Travis county, Tex., a judgment was rendered, which, omitting the formal parts, was as follows:

"Be it remembered that on this the 6 day of Sept., A. D. 1933, came on to be heard the plea of intervention filed herein by R. L. Meyers, wherein the said intervener sets up a claim against the Central West Texas Insurance Association, and satisfactory evidence having been submitted to the court showing that the said intervener has a just claim against the receivership estate, and it further having been made known to the court that at the time the receiver heretofore appointed herein took

charge of the affairs of the above association, an account known as the 'R. L. Meyers' Mortuary Fund' was on deposit to the joint credit of the Central West Texas Insurance Association in one of the banks at Stamford, Texas, and it further appearing to the court that said fund is a trust fund which was collected prior to the receivership from the policy holders of the Central West Texas Insurance Association by way of an assessment for the express purpose of being applied to the payment of satisfying R. L. Meyers' claim, that prior to receivership an assessment was levied upon the members of the defendant association to take care of the intervener's claim, and that as a result of said assessment the sum of $338.76 was realized and later deposited in the account designated 'R. L. Meyers Mortuary Fund.'

"It is therefore ordered, adjudged and decreed by the court that the said R. L. Meyers be and he is hereby allowed the sum of $300.00 in full payment of any and all claims now asserted or hereafter asserted against the Central West Texas Insurance Association; that said receiver be and he is hereby ordered and directed to pay unto the said R. L. Meyers out of the proceeds now carried in the R. L. Meyers Mortuary Fund the sum of $300, which said sum when paid shall constitute all the relief which the said intervener, R. L. Meyers, is entitled to receive in this suit in full payment of all claims by him against the receivership estate; that said receiver is further ordered to withdraw the balance of $38.76 out of the R. L. Meyers Mortuary Fund and place the same in his regular receivership account to be disbursed as may hereafter be directed by a proper order of this court.

"[Signed] Frank Judkins, Atty. for Intervener.

"[Signed] W. F. Robertson Judge 126th District Court, Travis County, Texas."

In connection with the Travis county judgment there was evidence introduced sufficient to show that the claim sued upon, and upon which judgment was rendered, was the judgment in cause No. 14968, in the district court of Eastland county, and being the principal judgment out of which the garnishment judgment in cause No. 15154 grew, and further that during the pendency of said claim in the Travis county court a dispute arose between the attorneys representing the state and Myers as to whether or not the judgment in cause No. 14968 entitled Myers to a preference over the other creditors of said insurance association, and it was finally agreed that judgment be entered in said Travis county court directing the receiver of the insurance association to pay to Myers and his attorney $300 in full settlement of said claim. In connection therewith Judge Ratliff, receiver of the insurance association, testified:

"Q. I want to identify that claim, as this judgment which was entered in the district court of Eastland County? A. Yes sir; that was correct.

"Q. That was the judgment, and that was what he accepted in full settlement of this judgment? A. Yes. * * *"

On the 11th day of July, 1933, Myers filed in the abstract of judgment records of Jones county an abstract of the judgment in said garnishment proceeding, being cause No. 15154.

Thereafter, Dr. Southard, who owned land in Jones county affected by the record of said abstract of judgment, filed in the district court of Jones county the present suit, being in the form of trespass to try title to several tracts of land, and in the alternative alleging that he was the owner of the land described, alleging the filing by Myers of said abstract of judgment; that said judgment was taken in a garnishment proceeding ancillary to cause No. 14968; and that subsequent to the taking of said judgment and the filing of said abstract of judgment, the judgment in the main suit, to wit, No. 14968, "was fully paid off and satisfied, thereby fully paying and satisfying the judgment rendered in the garnishment suit, to wit, said cause No. 15154 wherein the judgment lien was created by the defendant against any and all property of the plaintiff situated in Jones County, Texas * * *." It was alleged that said judgment so abstracted had been fully discharged and that the abstract of such judgment had not been released and the filing thereof cast a cloud upon plaintiff's title to certain described land, and plaintiff, Southard, prayed for judgment removing said cloud cast upon the title to his said land.

Upon a trial to the court, judgment was rendered in favor of the plaintiff, Southard, against the defendant, Myers, that plaintiff recover the title and possession of said land, and that the cloud cast upon his title by reason of the filing of said abstract of judgment be removed, from which judg-

ment the defendant, Myers, has appealed to this court.

■ There are no findings of fact nor conclusions of law in the record. It is our duty to presume that the trial court found every fact necessary to support the judgment rendered which finds support in the evidence. We think it is an established principle of law that a garnishment judgment is ancillary to the judgment in the main suit and that payment, satisfaction, or discharge of the judgment in the main suit extinguishes the garnishment judgment. In City Nat. Bank of San Antonio v. Steadman (Tex.Civ.App.) 21 S.W.2d 23, 24, the court said: "It is undoubtedly true that the vitality of a judgment against a garnishee depends upon the existence of an active judgment against the defendant in the basic proceedings, and the payment of that judgment disposes of the judgment against the garnishee."

The distinguished trial judge, while a member of the Commission of Appeals, wrote the opinion in New Amsterdam Casualty Co. v. Keith, 273 S.W. 836, in which it was held, in substance, that if the original judgment falls, the garnishment proceeding falls with it, and further that the sureties on a replevy bond in a garnishment suit occupy substantially the same position as the garnishee occupied prior to the execution of the replevy bond and that garnishment proceedings are in the nature of an execution to enforce a judgment. In King & King et al. v. Porter et al., 113 Tex. 198, 252 S.W. 1022, our Supreme Court said: "Suits in garnishment are ancillary to and a part of the original suit, and cannot be separated therefrom. * * * All rights under garnishment are based upon the existence and the validity of the judgment in the original suit, and the effectiveness and validity of the garnishment stands or falls with said original judgment. * * * A garnishment is not an original suit, but ancillary to the main one, and for that reason takes its jurisdiction from the main suit." It quoted from the opinion of Judge Gaines in Kelly v. Gibbs, 84 Tex. 148, 19 S.W. 563, "the garnishment being but a mode of enforcing execution, it is auxiliary to the original action and a part of it." It also quoted from Judge Brown's opinion in Simmang v. Insurance Company, 102 Tex. 39, 41, 112 S.W. 1044, 132 Am.St.Rep. 846, as follows: "The garnishment proceeding is not an original suit but ancillary to the judgment of the district court which was rendered in favor of Simmang against Geise, being a process for the enforcement of said judgment."

"If judgment is entered against a principal debtor and against a garnishee, the satisfaction of the former satisfies the latter * * *." Freeman on Judgments (5th Ed.) vol. 2, p. 2346.

Also, see Id., p. 2419.

The Supreme Court of Mississippi, in Moody & Williams v. Dye et al., 125 Miss. 770, 88 So. 332, 333, said: "The garnishment proceedings grow out of and are incidental to the main judgment, and a judgment against a garnishee rests upon the main judgment which gives it life, and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce because of its annullment, then the purpose and life of the judgment against the garnishee is ended."

Also, see Masterson v. Keller, 40 Tex. Civ.App. 333, 89 S.W. 803; Kirkbride v. Mauzy (Tex.Civ.App.) 268 S.W. 265; Townsend v. Fleming (Tex.Civ.App.) 64 S.W. 1006; Lockhart State Bank v. Baker (Tex.Civ.App.) 264 S.W. 566.

■ We think the effect of the proceedings in Myers' suit in Travis county was to merge the judgment in the original proceeding in Eastland county into the judgment based thereon rendered in the district court of Travis county. If this be correct, then it is undisputed that said judgment has been paid in full. In Freeman on Judgments, supra, at page 1228, it is said: "* * * we believe the true rule to be that a judgment is extinguished when, being used as a cause of action, it grows into another judgment." Also, see 92 Am.St. Rep. 778, notes; Continental State Bank of Petrolia v. Waggoner (Tex.Civ.App.) 48 S.W.2d 1026, 1028 (error refused); Gibson v. Hale, Adm'r, 57 Tex. 405, 407.

■ Since the garnishment proceeding is not an original suit, but ancillary thereto, and in the nature of an execution to collect the judgment in the main suit, and since the judgment in the main suit was merged into the judgment of the district court of Travis county, and that judgment paid in full, the garnishment judgment and any lien incident thereto was thereby extinguished. However, so far as the results are concerned, it is immaterial whether or not the original

judgment became merged with the Travis county judgment; there being evidence sufficient to justify the trial court in finding that the $300 paid to Myers was in pursuance of a compromise of a dispute as to the effect of the original judgment. That is, whether or not by virtue thereof Myers had a preference lien against the assets in the Myers mortuary fund of the insurance company in receivership. Such being the case, the payment of said sum, under the situation here disclosed, operated to discharge the original judgment, and its discharge extinguished the garnishment judgment dependent thereon.

We think the judgment might find support upon still another theory, that is, if Myers had a lien upon and was entitled to collect in the Travis county court all the funds deposited in the Myers mortuary fund and agreed to the judgment in Travis county for a less amount, without the consent of Dr. Southard, who stood in the position of a surety, and Myers parted with and rendered unavailable such security or fund which he had a right to apply in satisfaction of the judgment, it resulted in exonerating those in the position of surety, such as Dr. Southard, at least to the extent of the value of such security. 39 Tex. Jur. § 54, p. 962; Henderson v. Terry, 62 Tex. 281; Parks v. State Nat. Bank (Tex. Civ.App.) 34 S.W. 1044; Harrison Machine Works v. Templeton, 82 Tex. 443, 18 S.W. 601; Freeman on Judgments, vol. 2, p. 2348. In this connection we think it is a logical deduction from the evidence that after the affirmance of the original judgment in 1933 (which judgment provided that it would be satisfied by the payment of proceeds received from an assessment against its members in class C, regardless of the amount), the insurance company proceeded to comply with the direction in said judgment, levied the assessment as directed, and collected $338.76, and that before said sum was paid to Myers, in satisfaction of his judgment, said company was put in receivership in Travis county, and said "R. L. Myers Mortuary Fund" was taken over by the receiver of the insurance company. If said amount was the amount assessed and collected in conformity with the original judgment, and that would have been paid in satisfaction thereof but for said receivership, then any other decision than that rendered by the trial court would have the effect of saying that although $338.76 would have "satisfied" the judg-

ment, by virtue of said receivership, the defendant Myers obtained the right to collect the sum of $300 (which he agreed to accept in settlement of his claim on said original judgment in the receivership proceeding), and in addition that he was entitled to collect $1,100 from the sureties in the garnishment proceeding, which would have the actual effect of causing Myers to be paid approximately four times the amount provided for and intended by the judgment in the original proceeding.

We think the trial court did not err in the actions complained of and its judgment is affirmed.