PIERCE, Justice,
dissenting:
¶ 16. I agree with the majority that this case presents an issue of first impression. That said, however, I find that a party who receives a judgment in his or her favor must renew that judgment before the statute of limitations has expired-under Mississippi Code Sections 15-H3 and 15 — 1— 47, that is, within seven years. See Miss. Code Ann. §§ 15-1-43,. 15-1-47 (Rev. 2012). This falls in line with the general rule that “a valid judgment is essential to the validity of a garnishment proceeding.” Grace v. Pierce, 127 Miss. 831, 90 So. 590, 592' (1922). Thus, while a party may possess an enforceable judgment during the *865 seven-year statutory -period, that party also possesses a duty to ensure the judgment is properly renewed before the statutory bar renders it null and void. Where a party fails to re-enroll the judgment, and therefore allows the judgment to lapse, that judgment is no longer properly enrolled, and as such, “shall not be a iien on the property of the defendant....” Miss. Code Ann. § 15-1-47. Because Quality Diesel allowed 'the underlying judgment against Gulf South to lapse, I would hold it is not entitled to relief from Tiger Drilling. Accordingly, I would affirm the circuit court’s grant of Tiger Drilling’s motion to dismiss.